[Sac. No. 1959. Department Two.—September 24, 1912.]

GEORGE H. FLETCHER, as Administrator of the Estate of George Fletcher, Deceased, Appellant, v. SARAH A. KIDDER, and THE NEVADA COUNTY NARROW GAUGE RAILROAD COMPANY (a Corporation), Respondents.

CORPORATION—WORD "TRUSTEE" INSERTED AFTER NAME OF OWNER ON CERTIFICATE—NOTICE OF SECRET EQUITIES.—The word "trustee" inserted on a stock certificate after the name of the person to whom the certificate is issued, is not of itself, nothing more appearing, evidence of ownership outside of such person, nor constructive notice of the equities of the secret owner of the stock.

ID.—ACTION TO ESTABLISH TRUST IN FAVOR OF SECRETARY OF CORPORATION—UNOFFICIAL ENTRIES BY SECRETARY—EVIDENCE—SELF-SERVING DECLARATIONS.—In an action to establish a trust in favor of the estate of a person who had been the secretary of a corporation as to certain stock therein, the certificates for which stood in the name of a third person as trustee, entries made by such secretary, in books of the corporation where they had no proper place, and which he was not required to make, tending to show the trust, are inadmissible, as an attempt to prove self-serving declarations by hearsay.

ID.—ACKNOWLEDGMENT OF TRUST BY TRUSTEE—FINDING AGAINST TRUST. Evidence of the acknowledgment of the trust by the person in whose name the certificate stood, made by him while very ill and a few days before his death, is not sufficient to overcome a 'finding of the trial court against the existence of the trust.

APPEAL from an order of the Superior Court of Nevada County refusing a new trial. Frank T. Nilon, Judge presiding at trial; Joseph W. Hughes, Judge refusing new trial.

The facts are stated in the opinion of the court.

Charles W. Kitts, and C. W. Cross, for Appellant.

Fred Searls, Lloyd S. Larue, Edward J. McCutchen, and Page, McCutchen, Knight & Olney, for Respondents.

HENSHAW, J.—By this action plaintiff sought to have a trust in favor of his intestate declared in one-half of the shares represented by certificates for 1675⅓ shares of the capital

CLXIII Cal.—49

stock of the Nevada County Narrow Gauge Railroad Company. John F. Kidder was the president of the defendant corporation. During his lifetime George Fletcher, plaintiff's intestate, was secretary of the corporation. From time to time Kidder acquired stock of the corporation and upon the surrender of the old certificates caused the new certificates to be issued in the name of "John F. Kidder, Trustee." George Fletcher died upon March 6, 1901, and John F. Kidder, who had been very ill for about a year immediately preceding his death, died upon April 10, 1901. The complaint is surprisingly deficient in its averments as to the nature of the trust. It neither sets up any agreement showing the existence of a voluntary trust, nor does it set up the payment by George Fletcher of any part of the purchase price of the stocks so acquired by Kidder, but contents itself with allegations to the effect that on such and such a day "said John F. Kidder and said George Fletcher became the owners of certificate," etc. It is alleged further only that the certificates issued to John F. Kidder as trustee were so issued to him as trustee for himself and George Fletcher. After trial the court found against the existence of the trust and rendered judgment accordingly. From the order denying his motion for a new trial plaintiff appeals.

Upon the appeal it is argued that the word "trustee" on the stock certificates held by John F. Kidder, was evidence of ownership outside of Kidder himself. Authorities from other states are cited to this effect, but the rule is here to the contrary. "The mere addition of the word 'trustee' after the name in the certificate is not in this state of itself, nothing more appearing, to be deemed constructive notice of the equities of the secret owner of the stock." (*Brewster* v. *Sime,* 42 Cal. 144; *Thompson* v. *Toland,* 48 Cal. 99.)

Certain entries on the books of the corporation, which entries were made by George Fletcher, secretary of the corporation, were refused admission in evidence. Thus, in the Stock Ledger and Assessment book in the account of "John F. Kidder, Trustee," is found heading a list of stock the words "Stock owned jointly by John F. Kidder and George Fletcher." In the Stock Transfer book is a like entry. The ruling was proper. These were not entries like those considered in *Mountain Water Works Co.* v. *Holme,* 49 Colo. 412,

[113 Pac. 501], where the entries were such as the secretary in the performance of his duty was required to make, and where it was held that under these circumstances the fact that they were in the secretary's handwriting did not forbid their admission in evidence in his favor.   Here the entries were not such as the secretary was required to make, had no proper place in the books where they were entered, and the effort to prove them amounted to no more than an effort to prove self-serving declarations by hearsay.   (See Civ. Code, sec. 378.)

The only other evidence to establish this trust is that of George H. Fletcher, corroborated by John H. Coughlan, ticket agent and assistant to the auditor of the railroad company. Mr. Fletcher's testimony is that a few days after his father's death, on March 10, 1901, he called upon Mr. Kidder, who was in bed and very ill, and had with him the following conversation:

"How do you do, Mr. Kidder?

"How do you do, Herbert?   Herbert, I intend to place this whole matter in the hands of the probate judge.

"Mr. Kidder, how much of this 'trust' stock did my father own?

"He owned 838 shares.

"Where is that stock?

"In Wells Fargo's bank.''

Coughlan testifies that he heard Mr. Kidder say: "Yes, Herbert, half of that stock is your father's.''   Mr. Kidder at the time of this conversation was very ill, was on his death bed, and died thirty days thereafter.   This is absolutely all of the evidence in the case, saving that Coughlan also testifies that in 1900, when a difference arose between Mr. Kidder and Mr. Fletcher because Mr. Kidder had from the east telegraphed for ten thousand dollars with which to buy cars and the money had not been sent, Kidder upon his return declared to Fletcher: "I want my orders obeyed'' and Fletcher replied "I have as much to say as you, and we didn't have the money and I didn't send it.''   It is thus made to appear that no facts and circumstances going to the creation of a trust are in evidence, no pretense is made that Fletcher ever paid any part of the purchase price of the stock, thus raising an involuntary trust in his favor, nothing is shown to establish any equity in

the claim of Fletcher, and the whole case, so far as the establishment of the trust is concerned, rests upon the asserted acknowledgment of it made by a very sick man a few days before his death. From its findings the court manifestly concluded that this, to its mind, was not the clear and convincing evidence without which such a trust—particularly after the death of the asserted trustee—should not be declared. It follows herefrom that there were no errors and that the evidence supports the findings.

The order appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.