Argued December 7, modified December 18, 1917.

# TUCKER v. KIRKPATRICK.*

(169 Pac. 117.)

**Appeal and Error—Weight of Evidence—Specific Performance.**

1.  The findings of the lower court on conflicting evidence in suit for specific performance of a contract are entitled to great respect, as he sees the witnesses and hears their testimony.

**Specific Performance—Water Rights—Right to Ditch Land of Another—Evidence.**

2.  In a suit for specific performance of a parol agreement for a division of water rights and a right to run a ditch across the defendant's land, *held*, there was a preponderance of the evidence supporting a finding that the agreement was made, and was clear, just and reasonable.

**Specific Performance—Part Performance—Parol Agreement.**

3.  Where one who used his share of the water for a year and built a pipe-line and ran the water across defendant's land, there was sufficient part performance to take out of the statute of frauds a parol agreement to rebuild a flume in return for one fourth of the water right and the right to run the water across defendant's land.

> [As to what acts do and what do not amount to part performance in suit to have a contract specifically performed, see note in 53 Am. Dec. 539.]

**Specific Performance—Decree—Rights of Others not Parties.**

4.  In suit for specific performance of an agreement by defendant to give plaintiff and another one half of a water right, where plaintiff only claimed one fourth, it was error to decree the one half to plaintiff until the other, not a party, paid plaintiff amount of a lien he held on his share.

From Hood River.   WILLIAM L. BRADSHAW, Judge.

Department 2.   Statement by MR. JUSTICE MC-CAMANT.

This is a suit for the specific performance of a parol agreement for the division of a water right which prior to the agreement had been the sole property of the defendant Kirkpatrick. It appears that the said defendant in 1905 located a homestead in the upper Hood

---

*On specific performance of oral lease void under statute of frauds after lessee's entry into possession and making improvements, see note in 3 L. R. A. (N. S.) 852.                                         REPORTER.

River Valley and that in 1907 he constructed a flume and ditch for the diversion of a stream named Rim Rock Creek, or Cat Creek, which rises on the Forest Reserve and empties into the East Fork of Hood River. Plaintiff's property adjoins that of the defendant Kirkpatrick on the west. Plaintiff alleges that early in the year 1914 the flume built by the defendant Kirkpatrick had become dilapidated and that its replacement was necessary; that an agreement was thereupon made whereby plaintiff replaced the flume in consideration of a right to one fourth the water in the creek; the agreement, as alleged in the complaint, also provided that plaintiff should have an easement or right of way across the premises of defendant Kirkpatrick for the flow of the water and that said defendant should have a right of way for a road across plaintiff's property. The complaint alleges performance of the agreement and the use of the water in accordance therewith until August, 1915, when the defendant Kirkpatrick shut it off. It is alleged that thereupon said defendant instituted proceedings in the County Court for Hood River County for the establishment of a public road across plaintiff's premises. The complaint joined the county judge and commissioners of Hood River County as defendants. The prayer was that the proceedings in the County Court be enjoined, that a road be located as provided in the agreement; that plaintiff be adjudged to be owner of the water right and easement claimed by him and that defendant be enjoined from interference therewith.

On demurrer the complaint was dismissed as to the county officials. The answer of the defendant Kirkpatrick denies the agreement relied on and admits that he is using all the water in the ditch. The answer affirmatively asserts title in the defendant Kirkpatrick

to all water in the ditch and a necessity on his part to its use for the irrigation of his property. The reply denies the material affirmative allegations of the answer.

The lower court decreed to plaintiff one fourth of the water in question and a right of way for the ditch over the lands of the defendant Kirkpatrick. This defendant was given a right of way for road purposes over the property of plaintiff. The defendant Kirkpatrick appeals.                                    Modified.

For appellant there was a brief with oral arguments by *Mr. S. W. Stark* and *H. B. Adams.*

For respondent there was a brief and an oral argument by *Mr. Ernest C. Smith.*

Mr. Justice McCamant delivered the opinion of the court.

1. The first question to be determined on this record is one of fact. The testimony is irreconcilable on the vital question of whether the contract was made as alleged. The lower court saw the witnesses and heard their testimony; his opportunities for determining the issue of fact arising on this conflicting testimony were better than ours and great respect is due to his findings: *Scott* v. *Hubbard,* 67 Or. 498, 505 (136 Pac. 653); *Hurlburt* v. *Morris,* 68 Or. 259, 272 (135 Pac. 531); *Goff* v. *Kelsey,* 78 Or. 337, 348 (153 Pac. 103); *Shane* v. *Gordon,* 84 Or. 627, 630 (165 Pac. 1167).

2. Plaintiff and his witness, George H. Frey, testify positively and clearly that in April, 1914, appellant sought an interview with plaintiff; that he informed plaintiff that his flume was worn out and would no longer carry water; that appellant was without means

to repair it; that he agreed to give plaintiff and his neighbor, H. H. Gramps, one half the water if plaintiff would replace the flume; that plaintiff accepted appellant's proposition at a subsequent interview, agreeing also as a part of the contract that appellant should have a right of way over plaintiff's property to reach a county road on plaintiff's north line; that pursuant to this arrangement plaintiff purchased four hundred feet of pipe in Portland and expended $118.50 for labor and materials; that as a result of this expenditure the flume was replaced by a pipe-line, the ditch was cleaned out and the water was made available to the parties, appellant assisting by his labor, for which he was not paid; that the water continued to flow over appellant's premises and to be used by both parties for more than a year until August, 1915, when appellant shut it off.

These witnesses are corroborated by Earl N. Shahan, who testifies that appellant told him in July, 1915, that plaintiff was entitled to half the water in the ditch.

So far as the making of the agreement is concerned, appellant's case rests wholly on his own testimony. He squarely denies that any agreement was made. He proves that the amount of water in the ditch is inadequate for his own purposes and argues that it is unlikely that he would make the contract alleged. The answer to this argument is that it appears that the flume required replacement and that appellant was without means to replace it. Unless the necessary work was done, the water would flow in its natural channel and would be available neither to appellant nor to plaintiff. Under these circumstances the contract alleged by plaintiff was a natural agreement for appellant to make.

Appellant admits that plaintiff purchased the pipe and paid laborers for putting it in place. He claims

that plaintiff incurred this expense under an arrangement with Agnes Walls Parsons, to whom appellant gave an option to purchase his property. Mrs. Parsons was not called as a witness, nor does appellant testify to any agreement between her and plaintiff. The option was given May 5, 1914; it recited a cash payment of $175 and the evidence fails to show that anything further was paid on it. The purchase price called for by the option was $7,000. Appellant testifies that Mrs. Parsons surrendered her option in July, 1914. It is most unlikely that the holder of this option contracted for the permanent improvement of the place. The option is silent on the subject of a water right and appellant did not therefore lay himself open to an action for damages by entering into the contract alleged by plaintiff during the life of the option.

The admitted facts that plaintiff defrayed the expense of installing the pipe-line and that defendant co-operated by donating his labor strongly corroborate plaintiff's testimony. On the whole case the preponderance of the testimony supports the conclusions of the lower court that the agreement was made as alleged.

3. Appellant contends that a parol agreement of this character is void. Plaintiff admits that the agreement is within the statute of frauds, but relies on part performance to take it out of the operation of the statute. In order that a parol agreement creating an interest in real property may be enforced, it "must be clear, definite, just, reasonable and mutual in all its parts": *Wagonblast* v. *Whitney,* 12 Or. 83, 88 (6 Pac. 399); *Odell* v. *Morin,* 5 Or. 96; *Knight* v. *Alexander,* 42 Or. 521, 524 (71 Pac. 657). We think that plaintiff's proof satisfies these requirements. The part performance shown by the evidence is referable

to the contract and under the Oregon decisions is adequate: *Coffman* v. *Robbins,* 8 Or. 278, 284; *Combs* v. *Slayton,* 19 Or. 99, 104 (26 Pac. 661); *McBroom* v. *Thompson,* 25 Or. 559, 566, 567 (37 Pac. 57, 42 Am. St. Rep. 806); *Garrett* v. *Bishop,* 27 Or. 349, 354 (41 Pac. 10); *Bowman* v. *Bowman,* 35 Or. 279, 281 (57 Pac. 546).

4. The decree of the lower court contained the following provision:

"That the plaintiff also has and possesses the right to divert from said stream at said point, and through said ditch and pipe-line to said place, and for said purposes an additional one fourth of the water flowing in said stream until such time as there shall be paid to plaintiff by the owner of the land adjoining plaintiff's said land on the south or by the defendant Geo. Kirkpatrick, the sum of $29.62, with interest from June 1, 1914."

This language referred to that part of the water which belonged to H. H. Gramps, whose property adjoins plaintiff's on the south. It may be that plaintiff is entitled to a lien or charge on this water, but such lien cannot be adjudicated in this suit to which Gramps is not a party. Plaintiff alleges that he is the owner of one fourth of the water in this ditch. So much of the decree as awards him a larger share is without the issues and should be eliminated. The decree, so modified, is affirmed. Neither party will recover costs on appeal.          MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.