Argued October 7, affirmed November 23, 1920.

# COX *v.* COX.

(193 Pac. 482.)

**Divorce—Tried De Novo on Appeal.**

1. On appeal from a decree denying a divorce, the cause must be tried *de novo.*

On necessity of ·personal violence to constitute cruelty warranting divorce, see note in 9 **Ann. Cas.** 1090.

On habits or course of conduct of spouse as cruelty warranting divorce, see note in **Ann. Cas.** 1918B, 480.

For authorities discussing the question of cruel and inhuman treatment as grounds for divorce, see notes in 18 **L. R. A. (N. S.)** 304; 34 **L. R. A. (N. S.)** 360; 65 **Am. St. Rep.** 69.

**Divorce—Findings of Trial Judge Given Much Weight.**

2. In an action for divorce where the record contains irreconcilable contradictions in the evidence upon all material points, much weight will be given to the findings of the trial judge.

**Divorce—Not Discretionary, but Matter of Right.**

3. A decree of divorce should be granted or withheld from the plaintiff as a matter of legal right, and not as a matter of grace.

**Divorce—Wife Cruelly Treated Entitled to Divorce.**

4. Where husband beats and chokes his wife and applies vile names to her, she is entitled to a divorce as a matter of legal right.

**Divorce—Evidence not Showing Cruelty.**

5. Evidence *held* not to establish husband's cruelty.

**Appeal and Error—Divorce Decree Affirmed Without Prejudice to Another Suit.**

6. Where divorce case was tried on short notice to both parties, and it was suggested at the hearing that the plaintiff could, if given more time, secure additional witnesses, a decree denying divorce was affirmed without prejudice to another suit, under Section 411, L. O. L.

From Curry: JOHN S. COKE, Judge.

Department 1.

This suit for a divorce was begun on October 20, 1917, by Iva A. Cox against her husband, Isham A. Cox. The parties were married in Tillamook County on September 2, 1899; and, after residing in that county "a short time," they moved to Curry County where they still live. The plaintiff was 18 and the defendant was between 22 and 24 years of age at the time of their marriage. They were without money or property when they joined hands for life's journey. The defendant admits that his wife has worked hard, at least until within the last few years; and, although the plaintiff is not willing to admit unqualifiedly that the defendant has worked hard, she does not categorically deny that her husband has been a hard worker. In despite of the unwillingness of either to concede to the other the merit of unflagging

industry for the entire period of their married life, the record fairly supports the statement that what little property the parties now own represents the accumulations of about seventeen years of hard work by each—one as much as the other. The parties own one tract of 80 acres as tenants in common; and an adjoining tract of 80 acres was homesteaded by the defendant, and the record title to this tract is in his name. There is, too, some personal property consisting of cattle, horses, and other stock as well as a few articles such as are usually found on a farm. Several cows are milked and the milk is sold to a creamery; and, so far as the record discloses, these cows furnish the only source of income for the plaintiff. From the time the parties separated in October, 1917, until April 27, 1919, the time of the trial, the plaintiff resided on the farm with all the children, except Clifford, who entered the navy, and during all that time she managed the property; and as we understand the record, the defendant is willing that the plaintiff shall continue to reside on the farm with the children and that she shall run the farm and retain the income from the premises.

There are five children living, of whom two, Clifford and John, are boys, aged at the time of the commencement of this suit, 17 and 13 years, respectively. The other three children, Leona, Gloria, and Inez, are daughters, and their ages, when this suit was begun, were 14, 6, and 3 years in the order named.

In substance, the amended complaint charges in general terms that the defendant ''for many years last past'' has ''continuously and repeatedly'' used vile language toward the plaintiff, and that he has on numerous occasions laid violent hands upon her by striking and choking her; and, in addition to this

general language found in the amended complaint, the pleading specifies three different occasions when, as she says, the defendant choked or struck her, or choked and struck her. At another specified time, July, 1917, while they were attending a party at a neighbor's home, the defendant, according to the allegations of the amended complaint, without cause and in the presence of other guests, ordered the plaintiff to leave the party "and also to leave his home and stay away from there." The plaintiff avers that at still another time, May, 1917, the defendant "flew into a passion and beat their son John" with a pair of pincers.

The plaintiff also filed a supplemental complaint in which she alleged that the defendant came to her home on December 25, 1917, "with the ostensible object of trying to arrange the property rights of the parties," and that upon their not agreeing he applied vile names to her and choked and struck her.

The plaintiff prayed for a divorce, the custody of and maintenance for the children, and alimony for herself.

The defendant answered, and denied all the allegations of cruel and inhuman treatment, and then alleged that "all troubles now and heretofore existing between" the parties "were brought on by the unwarranted acts of plaintiff toward the defendant; her relations and conduct with other men; all against the express wish and desire of this defendant, and against his counsel and advice."

The defendant left the farm when the plaintiff began this suit for a divorce, and went to work in a logging camp. He joined the army on March 5, 1918; he was injured while in the service on October 13, 1918, and, after being in a hospital for about six

months, he was finally discharged on April 19, 1919. On account of the absence of the defendant this suit was not tried until April 27, 1919, after the discharge of the defendant from the army and his return to Curry County.

The trial in the Circuit Court resulted in a decree dismissing the suit and requiring the defendant to pay the costs and disbursements. The plaintiff appeals.                                     AFFIRMED.

For appellant there was a brief over the names of *Mr. T. T. Bennett, Mr. Walter Sinclair* and *Mr. B. Swanton,* with an oral argument by *Mr. Bennett.*

For respondent there was a brief and an oral argument by *Mr. C. F. McKnight.*

HARRIS, J.—The evidence is irreconcilably contradictory. If the account which the plaintiff gives of their married life is true, then the defendant has been guilty of inexcusable cruel conduct, and, under the laws of the land, she would be clearly entitled to a divorce. If, on the other hand, his story is true, he has not been guilty of cruel and inhuman treatment, but, on the contrary, the conduct of the plaintiff has been such as would entitle the defendant to a decree of divorce, although he does not ask for a divorce. The testimony was not taken before a referee, but the witnesses testified in open court and in the presence of the circuit judge; and when the last witness had concluded his testimony the trial judge immediately announced his decision denying the prayer of the plaintiff for a divorce, and subsequently written findings were filed. Among the find-

ings of fact made by the Circuit Court are the following:

"The court further finds that plaintiff has failed to satisfactorily establish the alleged acts of cruelty or abusive language or other acts of ill treatment as alleged in her amended complaint and supplemental complaint, and has failed to establish that she has suffered any mental anguish or physical pain as alleged in said amended and supplemental complaint.

"The court further finds that the plaintiff is not without fault in the premises, but, on the contrary, is at fault, and in this connection the court finds that both plaintiff and defendant are at fault, and that their mistreatment of each· other was mutual, and that plaintiff was a willing and active participant in the alleged quarrels and physical encounters alleged in said amended supplemental complaint; that defendant did use unbecoming language to the plaintiff, but that plaintiff used language toward and to the defendant of the same class and equally as forcible, and that both parties are equally and mutually at fault in this respect.

"The court further finds that plaintiff has failed to satisfactorily establish the alleged acts and conduct of the defendant toward his said children, or any of them, as alleged in said amended and supplemental complaint."

1-3. Although the cause must be tried and determined here *de novo,* yet when we find, as we do here, a paper record containing irreconcilable contradictions upon all material points, we are disposed to give much weight to the findings of the trial judge, for the reason that he saw the witnesses in action, and thus had the benefit of a kind of evidence which cannot be preserved and presented to an appellate court: *Scott* v. *Hubbard,* 67 Or. 498, 505 (136 Pac. 653); *Hurlburt* v. *Morris,* 68 Or. 259, 272 (135 Pac. 531); *Tucker* v. *Kirkpatrick,* 86 Or. 677, 679 (169

Pac. 117). It cannot possibly serve any useful purpose, not even a temporary one, and much less a permanent one, to give an extended recital of the testimony found in the transcript. We have, however, carefully read and considered the record. We have deliberated upon the recorded testimony fully realizing that a decree of divorce is to be granted or withheld from the plaintiff as a matter of legal right and not as a matter of grace.

4, 5. The fact that there are five children and the additional fact that the property is so situated that it cannot well be divided without material loss are circumstances which emphasize the need of care in examining the evidence, although they cannot affect the question as to whether or not the defendant has been guilty of cruel and inhuman treatment; for, if he treated her as she alleges, she is entitled to a divorce as a matter of legal right and regardless of what might happen to the property. After having examined the record with much care, and after having given to it our best thought, we find ourselves unable to say that the evidence for the plaintiff warrants us in disturbing the decree of the Circuit Court.

6. It appears that the cause was tried in the Circuit Court upon short notice to the parties, and that, although they were willing to proceed and did not object to going to trial, they had but little time for preparation; and in view of this fact, together with the added fact suggested at the hearing that the plaintiff could, if she had been given more time, have secured additional witnesses, we think that the decree should be without prejudice to another suit by the plaintiff as permitted by Section 411, Or. L. It is therefore ordered that the decree be affirmed, without costs to

either party in this court, and without prejudice to another suit.                                    AFFIRMED.

McBRIDE, C. J., and BENSON and BURNETT, JJ., concur.