[ Filed March 31, 1890. ]

## LOUISA HYLAND, Respondent, *v.* BENJAMIN HYLAND and AMOS D. HYLAND, Appellants.

EQUITY—PLEADING—WHAT COMPLAINT MUST CONTAIN IN A SUIT TO REFORM WRITTEN INSTRUMENT.—A complaint in a suit to reform a written instrument in consequence of a mistake in its execution, must allege facts; it must show what the parties to the instrument mutually agreed to do, and wherein the writing fails to express their agreement, and that the mistake did not occur through any carelessness or negligence of the plaintiff; otherwise a demurrer to the complaint should be sustained.

COMPLAINT—DEFECTIVE STATEMENT OF A CAUSE OF SUIT—WHAT IS.—Where the plaintiff, a married woman, in a suit against her husband as defendant to have reformed a certain deed executed by him to her, alleged in her complaint that for a valuable consideration the defendant bargained and sold to her certain real property, that he promised and agreed with her that he would execute and deliver a deed conveying to her the said property during her natural life, and then to her heirs and assigns forever, and that the defendant executed and delivered to the plaintiff a deed of conveyance to the property, but by mutual mistake the words "and then to her heirs and assigns forever" were omitted from the deed ; that the defendant instructed and directed the person who wrote the deed to insert the said words, but he inadvertently and through mistake omitted to write in the same ; that the plaintiff relied upon the word of the defendant, and, being ignorant of business of that kind, did not read the deed nor find out the mistake until a short time before bringing the suit ; *held,* that the complaint was faulty in not stating the terms of the agreement between the parties which the deed was given to effectuate, but that the fault only constituted a defective *statement* of cause of suit, and not a defective *cause* of suit ; and that therefore the defendant waived the defect by filing an answer to the complaint.

PLEADING—ANSWER—BONA FIDE PURCHASER.—In order to defeat an outstanding equity in real property by a plea that the defendant was the purchaser of the property in good faith, he must set forth in his answer the deed of purchase, the date, parties and contents briefly ; that the vendor was seized in fee, and in possession ; he must state the consideration, with a distinct averment that it was *bona fide* and truly paid, independently of the recital in the deed ; and he must deny notice previous to and down to the time of paying the money and delivery of the deed. And where it was averred in the answer of a defendant in such a case, that at or about a certain date his grantor executed and delivered to him a deed of conveyance, conveying unto him the title to the property, and that he did on such date, without knowledge or notice of such equity, purchase the property in good faith and for a valuable consideration, and was absolute owner of it in fee simple ; *held,* that it was insufficient to give the defendant the benefit of the claim that he was an innocent purchaser of the property without notice. *Held, further,* that evidence showing that the deed was made out in favor of the defendant without his knowledge, but immediately afterwards delivered to him, and after receiving it he

promised and agreed that he would take care of the grantor his life-time in consideration of the property, and that he received knowledge of the equity about the time the deed was delivered, or soon afterwards, and the suit to enforce the equity was commenced within the next three months thereafter, did not prove that the defendant was an innocent purchaser of the property.

APPEAL from Lane county: R. S. BEAN, judge.

The respondent commenced suit in said court against the appellant to reform a deed to certain real property situated in said county. She alleged in her complaint that on the twenty-seventh day of November, 1885, the appellant Benjamin Hyland, for a valuable consideration, paid him by the respondent, bargained and sold to the respondent the said real property consisting of 170 acres of land; that said appellant promised and agreed with her to execute a deed conveying to her said land during her natural life, and the remainder to her heirs and assigns forever; that on or about said time said appellant executed and delivered to her a deed of conveyance to said land, but the following words, to wit, "and then to her heirs and assigns forever," were by mutual mistake omitted from the deed; and that at the time said deed was executed, said appellant, in the presence of respondent, instructed and directed the person who wrote the deed and took the acknowledgment thereof to insert therein the words, to the said respondent, "during her natural life, and then to her heirs and assigns forever," but the officer or justice of the peace who wrote the deed failed through mistake to write in the said words.

The respondent alleged that she relied upon the word of the said appellant, and being ignorant of that kind of business, did not read said deed, and that the said omission and mistake were not noticed or found out by her and said appellant until a short time before; that the said appellant put her into the possession of the said premises, and that she had been in the absolute possession of the same since the execution of the said deed; that immediately after finding out the said mistake in said deed, she applied to said appellant to correct it, but that he refused and still refuses to do so.

The respondent further alleged that on or about the —— day of 1887, the said appellant Benjamin Hyland, without any valuable consideration, made, executed and delivered a pretended deed of conveyance to said premises to the appellant Amos D. Hyland which was without a valuable consideration and was fraudulent. The said complaint contained a prayer for relief that the said Benjamin Hyland be decreed to correct the said deed by adding and inserting therein the said words, and that the said deed to said Amos D. Hyland be declared void and of no effect, and be set aside; and for such other and further relief as might seem equitable and just.

The appellant Benjamin Hyland filed an answer to the said complaint denying the agreement to convey the land as therein alleged; denying that the said words "and then to her heirs and assigns forever" were omitted from the deed through mistake; denying that he instructed or directed the person who wrote the deed to insert the said words therein; denying that said person inadvertently or through mistake omitted or failed to write the said words therein, or that said respondent relied upon the words of said appellant, or that being ignorant of business of the kind, she did not read said deed; and denied all the material allegations in the complaint. Said appellant also denied that the deed made by him to Amos D. Hyland was made without any valuable consideration; and alleged that he made, executed and delivered said last-mentioned deed in good faith.

The said appellant Amos D. Hyland also filed an answer to the said complaint denying all the material allegations therein contained; and for further and separate answer to the said complaint alleged that the deed made to him by the said Benjamin Hyland was for a valuable consideration, and that he, without any knowledge or notice of any mistake or omission in said deed to said respondent, and without any knowledge or notice of any fraudulent intent of said Benjamin Hyland, or knowledge or notice of any fraud rendering void the title of said Benjamin Hyland to

said premises, purchased the same in good faith and for a valuable consideration, and was the absolute owner in fee simple thereof subject only to the life estate of said respondent.

The said respondent filed replies to the new matter contained in said respective answers denying the same. The case was referred to referee to take and report the testimony therein, and the same was thereafter heard by the court upon the report of the said referee, which found that the equities were with the respondent, and that she was entitled to the relief demanded in her complaint. Upon which finding the decree appealed from was entered.

*J. J. Walton,* for Respondent.

*A. E. Gallagher,* for Appellants.

THAYER, C. J., delivered the opinion of the court.

It appears from the evidence taken by the referee in this case that at the time of the execution of the deed by the appellant Benjamin Hyland to the respondent, the said parties were husband and wife, and had been such for nearly twenty years; that they had a family of children the fruits of their marriage; that the said appellant had had a former wife who had borne him several children, among whom was the appellant Amos D. Hyland, and that at the time of the execution of the deed by the said Benjamin Hyland to the said Amos D. Hyland, which was so executed November 10, 1887, a suit for a divorce was pending in said circuit court between said respondent and said Benjamin Hyland. It further appears from the evidence that the consideration for the deed from Benjamin Hyland to the respondent was a conveyance by the latter to the former of certain real property owned by her situated in the city of Corvallis, Benton county. The respondent, in order to sustain her allegation in the complaint that the words "then to her heirs and assigns forever" were omitted through mistake in the said deed from the said Benjamin Hyland to her, relied upon her own

testimony, and that of several other witnesses, who testified that the said Benjamin Hyland, soon after the execution of the deed, stated on a number of occasions that he had conveyed the property in question to the respondent for life, and then to her heirs and assigns. I think the evidence upon that point, in the absence of any conflicting testimony, was sufficient to establish the fact alleged. The deed itself shows upon its face that the said Benjamin Hyland intended to convey his entire interest in the said property; otherwise he would not have been likely to have inserted the covenants therein, whereby he covenanted to and with the said respondent, *her heirs and assigns,* that he was the owner in fee simple of said premises, that they were free from all incumbrances, and that he would warrant and defend the same from all lawful claims whatsoever. The appellant's counsel at the hearing did not seem to claim that the evidence was insufficient to prove the fact that such mistake was made in the execution of said deed to respondent; and the evidence on the part of the respondent upon the point was more convincing as it was not controverted by the appellant Benjamin Hyland, who was evidently well acquainted with all the facts connected with the affair. Said counsel, however, did rely upon the allegations in the answer that the appellant Amos D. Hyland purchased the property in question from Benjamin Hyland in good faith and without notice of any such mistake having been made, and upon the insufficiency of the respondent's complaint in the suit. Said counsel, in claiming that Amos D. Hyland was a purchaser in good faith without notice, is confronted with a difficulty in regard to the sufficiency of his answer upon that point. A defendant who interposes a plea or answer of that character must state therein, as was said by Baldwin, J., in *Boone* v. *Childs,* 35 U. S. R. p. 211: "The deed of purchase, the date, parties and contents briefly, that the vendor was seized in fee, and in possession; the consideration must be stated with a distinct averment that it was *bona fide* and truly paid, independently of the

recital in the deed. Notice must be denied previous to, and down to, the time of paying the money, and the delivery of the deed; and if notice is specially charged, the denial must be of all the circumstances referred to, from which notice can be inferred; and the answer or plea shows how the grantor acquired title. * * * Such is the case which must be stated, to give a defendant the benefit of an answer or plea of an innocent purchaser without notice; the case stated must be made out; evidence will not be permitted to be given of any other matter not set out."

Said answer materially fails to contain the several requirements above specified, and the evidence comes far short of proving that said appellant Amos. D. Hyland was such innocent purchaser of the property. He testified in the suit, in answer to the interrogatory to state when and under what circumstances and where he purchased the 170 acres of land, as follows: "On the tenth day of November, 1887, at the court-house; I went to find father's attorney to have him make a deed to my brother, B. S. Hyland, and have him, if the attorney thought best, to take care of him his life-time. When I came back to the court-house father had made the deed to me and said he would rather stay with me. I agreed to take care of him his life-time for the land."

In answer to another interrogatory, to state what the facts were about the deed being made, executed and delivered to him without any value or valuable consideration, he answered:

"The deed was made to me before I knew it. When I found it out we made an agreement that I was to take care of him his life-time for the land. I accepted of the deed with that understanding, which I have done to the best of my ability."

This substantially is all the evidence given by said appellant in regard to the affair and of the consideration paid or agreed to be paid by him for the land. He testified that he had no knowledge prior to his coming to Eugene

City upon that occasion of any deed having been executed by Benjamin Hyland to the respondent, nor of the alleged mistake ; but the circumstances under which the deed was made and delivered to him were calculated to cast suspicion upon the *bona fides* of the transaction. He knew that a suit for a divorce had been commenced by the respondent against Benjamin Hyland, which was then pending, and that it would necessarily affect any title the latter had in the property. He received the deed to the land more as a gift than as a purchase, and was at the time evidently contriving with Benjamin Hyland a mode by which the latter could divest himself of his apparent title to the remainder in the land. He made no advancement as a consideration for the deed, nor any agreement as an inducement to its execution, though he testified that he promised when the deed was delivered to him that he would take care of his father during the latter's life-time for the land. Whether that would have been an adequate consideration for the property does not appear. It would be absurd, however, to hold that the transaction constituted said Amos D. Hyland a purchaser in good faith, and contrary to the uniform decisions of this court upon that question. *Musgrove* v. *Bonsor*, 5 Or. 313; *Richards* v. *Snyder & Crews*, 11 Or. 501; *Wood* v. *Rayburn*, 18 Or. 3.

The main ground upon which the appellant's counsel appeared to rely at the hearing was the alleged insufficiency of the respondent's complaint to entitle her to a decree of reformation of the said deed; and I think it altogether the strongest point in his case. Attorneys who prepare complaints to reform written instruments are too apt to state conclusions instead of facts. They should set out the transaction as it occurred and not the legal effect thereof. The complaint in this case should have stated what the parties mutually agreed to do in regard to the exchange of their lands, and not the result of what they did do.

If the terms of the original agreement between the parties to the transaction involved herein and their attempt

to effectuate it had been set out, the court could have readily discovered from the facts, if truly stated, whether or not there was such a mistake as alleged and in what particular it consisted.   Instead of doing that, however, the respondent's counsel contented himself by alleging the promise and agreement made by Benjamin Hyland to make, execute and deliver to the respondent a deed conveying to her said premises during her natural life, and then to her heirs and assigns forever, and that he executed and delivered to her a deed of conveyance to said premises, but said words "and then to her heirs and assigns forever" were by mutual mistake omitted therefrom. Such a mode of alleging a cause of suit is highly objectionable; the statement is too general, and if the case had come here upon demurrer to the pleading I should have been in favor of sustaining the demurrer.   The objection, however, is made at hearing in this court, and it seems to me that under such circumstances every reasonable inference should be given in favor of the complaint that can be drawn therefrom.   It is not a case of a defective cause of suit, but of a defective statement of cause of suit.   If the complaint had lacked some material allegation, the defect would be fatal and could be taken advantage of without interposing a demurrer; but where the defect consists in alleging evidence of facts, or conclusions of facts instead of the facts themselves, it will be waived unless a demurrer is taken to the pleading.   The fault of the complaint in this case is of the latter character.

The decree appealed from will therefore be affirmed.