Argued January 20; decided February 10, 1896.

## DAY v. SCHNIDER.
[43 Pac. 650.]

1. CLOUD ON TITLE—PLEADING—CODE, § 2823.— The averment in a complaint to remove a cloud on title, that defendant claims under a tax deed, sufficiently shows the apparent validity of the outstanding title, as a tax deed in Oregon is *prima facie* evidence of title.

2. PLEADING — JOINING SEVERAL CAUSES OF SUIT.— A complaint in a proceeding to remove a cloud on title is not obnoxious to the objection that it improperly unites several causes of suit because it sets out several reasons why the outstanding title is invalid.

APPEAL from Lane: J. C. FULLERTON, Judge.

This is a suit by Thomas Day against Mike Schnider to remove a cloud upon the title to the northwest quarter of section twenty-two, township fifteen south, range one east, in Lane County, created by a tax deed. The complaint alleges, in substance, that the plaintiff is the owner and in possession of the real

property in question; that the defendant Schnider claims some right or title thereto adverse to the plaintiff, under a sheriff's tax deed of date February thirteenth, eighteen hundred and ninety-four, which on its face appears to be regular, and recites that said land was levied upon by the sheriff as the property of Frank Burgess for the taxes of eighteen hundred and ninety, amounting to seven dollars and twenty cents, and on the fifth day of February, eighteen hundred and ninety-two, was sold to the defendant for the sum of eighteen dollars and eighty-five cents, being the amount of said taxes and accruing costs. It then proceeds, in six separate and distinct paragraphs, to aver facts which, if, true, show the deed to be invalid and a cloud upon plaintiff's title. It further alleges that the plaintiff offered to pay, and tendered to the sheriff of the county, the taxes for the years eighteen hundred and ninety-one, eighteen hundred and ninety-two, and eighteen hundred and ninety-three, but he refused to receive the same or any part thereof, claiming that the taxes for all said years had been paid by the defendant Schnider; that prior to the expiration of two years from the date of the tax sale plaintiff sought to redeem the land, and inquired both of the sheriff and county clerk how much or what sum was required to redeem the same, but that both said officers refused to make or permit redemption to be made, but referred him to the defendant who held the certificate of sale, and who also refused to make or allow redemption thereof to be made, or to say for what sum he would relinquish his claim thereto. That since the execution of the tax deed, and prior to the commencement of this suit, the plaintiff offered and tendered to defendant the entire amount paid by him on account of his purchase, with twenty per cent. per

annum interest on the original purchase price, and ten per cent. per annum on all other liquidated charges against said land, for a quitclaim thereto; that he deposited with the clerk of the court fifty dollars from which the court might reimburse the defendant for such outlay in case he should be found liable therefor; that any and all payments by defendant for said premises and subsequent taxes thereon have been voluntary on his part, and not at the request or wish of plaintiff, but against his wishes and will; that the reasonable value of said land is one thousand dollars. A motion and demurrer to the complaint having been sustained, and plaintiff refusing to plead further, a decree was entered dismissing the complaint, from which he appeals.                          REVERSED.

For appellant there was a brief and an oral argument by *Mr. A. E. Wheeler.*

For respondent there was a brief by *Messrs. Bilyeu and Young,* and an oral argument by *Mr. L. Bilyeu.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The only questions necessary to be determined on this appeal are the objections to the sufficiency of the complaint. It is urged by the defendants that the complaint is defective because it does not sufficiently show the apparent validity of the tax title claimed by the defendant Schnider. The general rule in a suit to remove a cloud from title is that the complaint must set out the facts which show the apparent validity of the outstanding title, and also those showing its invalidity, but where, as in this state, the statute declares a tax deed to be *prima facie* evidence of title, the mere naming of the instrument and alleging that it is regu-

lar upon its face is sufficient to show its apparent va-
lidity: Hill's Code, § 2823; Black on Tax Titles (2d ed.),
§ 440; *Hibernia Savings Society* v. *Ordway,* 38 Cal. 679.

2.  It is next claimed that the motion and demur-
rer were properly sustained because several causes
of suit are improperly united in the complaint.  But
this contention is without merit.  The object and pur-
pose of the suit is to remove a cloud from the plain-
tiff's title, and the several reasons given in the com-
plaint why the tax deed is invalid do not constitute
separate causes of suit.  No sufficient reason is sug-
gested by respondent's counsel why the complaint does
not state a cause of suit, and none has occurred to us.
The decree of the court below will therefore be re-
versed, and the cause remanded with directions to
overrule the motion and demurrer to the complaint,
and for such further proceedings as may be proper
and right in the premises.        REVERSED.