Argued 9 October, decided 30 October, 1906.

## HAINES *v.* CONNELL.

87 Pac. 265, 88 Pac. 872.

PRIORITY BETWEEN ATTACHMENT AND UNRECORDED DEED.

1. An attachment levied in good faith on land that has been conveyed for more than five days without the instrument being recorded, and without knowledge of such conveyance, takes precedence of such conveyance, under Sections 302 and 5359, B. & C. Comp., relating to attachments and the recording of deeds.*

---

*NOTE.—Section 302, B. & C. Comp., reads thus: "From the date of the attachment until it be discharged or the writ executed, the plaintiff, as against third persons, shall be deemed a purchaser in good faith and

SUFFICIENCY OF SHERIFF'S CERTIFICATE OF ATTACHMENT.

2. Under Section 301 of B. & C. Comp., requiring a sheriff, after levying an attachment, to deliver to the county clerk a certificate containing the title of the cause, the names of the parties, a description of the property seized, and a statement that the same has been attached, such a certificate may be sufficient, though it does not contain as a caption the title of the cause or the names of the parties, if such matters appear in the body of the certificate.

CERTIFICATE OF ATTACHMENT—NEED OF CORRECT CAPTION.

3. If it is attempted to give the title of a cause and the names of the parties in a caption to a certificate of attachment, it must be given correctly or the certificate will not be valid.

PRIORITY BETWEEN ATTACHMENT AND DEED—PLEADING GOOD FAITH OF CREDITOR AS AN AFFIRMATIVE DEFENSE.

4. In a suit involving the relative rights of an attaching creditor and the holder of a deed to the same land, the creditor must plead affirmatively that the attachment was levied in an attempt to collect a genuine debt and without notice or knowledge of the interest of the deed claimant; it will not be sufficient to rely on a denial of the charge by the deed claimant that the attachment was levied with notice of the deed.

PLEADING—ADMISSION BY FAILURE TO DENY.

5. This case affords an illustration of the general statutory rule, B. & C. Comp., § 95, that affirmative allegations not denied are to be taken as true. A deed not having been recorded, an attachment was levied on the land as that of the grantor, whereupon the grantee sued to restrain further proceedings under the attachment, and for a cancellation of the same as a cloud on his title, alleging that the defendant had notice of plaintiff's claim to the property at the time the attachment was levied. The answer denied the allegations of the complaint, and also set up facts showing defendant to be a *bona fide* purchaser. These facts were not denied by reply. *Held,* that, the facts showing defendant to be a *bona fide* purchaser were admitted.

ATTACHMENT CERTIFICATE—NECESSITY OF CAPTION.

6. A sheriff's certificate of attachment of real estate, which recites in the body thereof the names of the respective parties in the cause and the title of the court from which the writ issued, is sufficient without having a caption stating the title of the cause and the names of the parties, or any caption whatever: *McDowell* v. *Parry,* 45 Or. 99, distinguished.

From Washington: THOS. A. McBRIDE, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit by E. W. Haines against J. W. Connell, sheriff, and J. F. Schoch to remove a cloud from a title, and comes here on an appeal from a decree in favor of the plaintiff.

for a valuable consideration of the property attached," subject to the statute providing for recording certificates of attachment.

Section 5359, B. & C. Comp., reads thus: "Every conveyance of real property within this state, which shall not be recorded within five days thereafter shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded."

REPORTER.

On April 22, 1902, F. T. Kane was the owner of the S. E. quarter of section 11, township 2 N., range 5 W. On that day he attempted to convey the same by warranty deed to the plaintiff, but, by mistake, the land was described as being in range 4 instead of 5. The deed was not recorded until July 11, 1904, and about that time plaintiff discovered the mistake in the desecription, and, after having it corrected, had the deed re-recorded on July 19th. The land was and is wild land, and not in the possession of any one. On July 1, 1904, before the deed to Haines had been recorded, the defendant Connell's predecessor in office, as sheriff of Washington County, levied, or attempted to levy, upon the property under a writ of attachment issued in an action brought against Kane by J. F. Schoch, by making and filing in the proper office a certificate of attachment as follows:

"State of Oregon,
　　County of Washington—ss.
　　I, J. W. Sewell, Sheriff of Washington County, Oregon, do hereby certify that by virtue of a writ of attachment issued out of the Circuit Court of the State of Oregon for the County of Washington, upon the 30th day of June, A. D. 1904, in a cause therein pending, wherein J. F. Schoch is plaintiff and F. T. Kane is defendant, said writ being in favor of said plaintiff and against the property of said defendant, and directed to me, the Sheriff of Washington County, I did on the 1st day of July, 1904, at the instance of the above-named plaintiff, attach the following described real property of the within named F. T. Kane, to wit: Lot 1, block 31, Forest Grove; lot 9, block 1, West Portland Heights; southeast quarter of section 11, township 2 north, range 5 west of Willamette Meridian, all said property being in Washington County, Oregon.
　　In Witness Whereof I have hereunto set my hand this 1st day of July, A. D. 1904, at 10 o'clock a. m.
　　　　　　　　　　　　　　J. W. Sewell,
　　　　　　　Sheriff of Washington County, Oregon."

The plaintiff thereafter, and before the action of *Schoch* v. *Kane* had passed to judgment, commenced this suit to enjoin and restrain the defendants from further proceeding under the attachment, and for a decree canceling the same, on the ground that it tended to cloud his title. The complaint alleges that the

defendants had notice of the plaintiff's interest at the time of the levy of the attachment. This averment is denied by the answer. For an affirmative defense the answer sets up the attachment proceeding in detail, and alleges that the attachment was caused to be levied by Schoch, the attaching creditor, in good faith, and without notice that the property had been transferred to the plaintiff, or to any other person, or that plaintiff claimed any interest or title, legal or equitable, therein. This allegation is not denied by the reply, and there was no evidence given on the trial by either party concerning a knowledge or want of knowledge of plaintiff's interest in the property by the attaching creditor at the time of the attachment. Plaintiff had decree in the court below, and the defendants appeal.          REVERSED.

For appellants there was a brief over the name of *W. M. Langley & Son,* with an oral argument by *Mr. Lotus Lee Langley.*

For respondent there was a brief over the names of *W. H. Hollis* and *Samuel Bruce Huston,* with an oral argument by *Mr. Huston.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

It is contended by defendants that the deed from Kane to the plaintiff was intended as a mortgage to secure the payment of money, and therefore conveyed no interest or title in the property to Haines, and hence will not support a suit to remove a cloud from title; and also that this suit was prematurely brought because the action of *Schoch* v. *Kane,* in which the writ of attachment issued, had not passed to judgment at the time it was commenced. In view of the conclusion we have reached as to the merits of the controversy, it is not necessary to examine these questions, although they are important.

1. The deed from Kane to the plaintiff had not been recorded at the time of the levy of the attachment issued in the action of *Schoch* v. *Kane,* and more than five days had elapsed since the date of its execution, and, therefore, the attachment, if valid, will take precedence over such deed, if such attachment was made in good faith and without notice of plaintiff's rights:

*Boehreinger* v. *Creighton,* 10 Or. 42; *Riddle* v. *Miller,* 19 Or. 468 (23 Pac. 807); *Meier* v. *Hess,* 23 Or. 599 (32 Pac. 755); *Dimmick* v. *Rosenfeld,* 34 Or. 101 (55 Pac. 100); *Osgood* v. *Osgood,* 35 Or. 1 (56 Pac. 1017); *Security Trust Co.* v. *Loewenberg,* 38 Or. 159 (62 Pac. 647).

2. It is claimed, however, that the attachment is void, because the certificate of the sheriff, as filed with the county clerk, did not contain as a caption thereto the title of the cause or the names of the parties. The statute provides:

"Real property shall be attached as follows: The sheriff shall make a certificate containing the title of the cause, the names of the parties to the action, a description of such real property, and a statement that the same has been attached at the suit of the plaintiff; and deliver the same to the county clerk of the county in which the attached real estate is situated:" B. & C. Comp. § 301.

The certificate in question admittedly contains in the body thereof all the essential requirements of the statute. It states the title of the case by giving the name of the court in which the action was pending, the names of the parties, a description of the property attached, and states that it was attached at the instance (which is equivalent to suit) of the plaintiff, and is, therefore, in our opinion, sufficient. There is no requirement in the statute that the title of the cause and the names of the parties shall be stated as a heading or caption to the certificate, as required by Section 67 in the case of a complaint. The statute provides that a complaint shall contain (1) the title of the cause, specifying the name of the court and the names of the parties plaintiff and defendant; (2) a plain and concise statement of the facts constituting the cause of action; and (3) the relief demanded; which would seem to contemplate that these requisites should be stated in the order named, notwithstanding which it has been held that the stating of the names of the court and of the parties in the caption of a complaint is a formal, and not a jurisdictional, matter: *Adams* v. *Kelly,* 44 Or. 66 (74 Pac. 399); *Smith* v. *Watson,* 28 Iowa 218; *Hill* v. *Thacter,* 3 How. Prac. (N. Y.) 407; *Van Namee* v. *Peoble,* 9 How. Prac. (N Y.) 198. The statute regulating the attachment of real

property provides what the certificate shall contain, but does not require that the essential matters shall be set out in any particular order, and it seems to us that a certificate is clearly sufficient which states such matters in the body thereof without giving to it the formality of a heading or caption.

3. When a certificate of attachment attempts to state the title of the cause and the names of the parties in a caption, it must state them correctly, and an error therein is not cured by a subsequent recital in the body of the certificate: *McDowell* v. *Parry* 45 Or. 99 (76 Pac. 1081). But where no caption is used, it is enough if the essential facts required to be stated appear in the body of the certificate.

4. It is next contended that the burden was on the defendants to show that the attachment was levied in good faith, and without notice or knowledge of plaintiff's interest in the property, and this seems to be the logical effect of the former decisions of this court: *Rhodes* v. *McGarry*, 19 Or. 222 (23 Pac. 971) ; *Laurent* v. *Lanning*, 32 Or. 11 (51 Pac. 80).

5. But here the defendants have assumed such burden by stating in their answer facts necessary to make them purchasers in good faith, and these allegations are not denied by the reply. The want of such denial is an admission of their truth, and no proof was required. It is said that because the complaint alleges that the defendants had notice of the plaintiff's claim to the property at the time the attachment was levied, and this averment is denied by the answer, the question of defendants' good faith was thus made an issue in the cause, and it was not necessary for plaintiff to deny the affirmative plea of a bona fide purchaser set up by the answer. The denial of the averments of the complaint did not entitle defendants to make the defense of a bona fide purchaser. That was an affirmative matter which they were required to plead in their answer, notwithstanding the allegations of the complaint: *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. 971). And since they were required to plead facts constituting them bona fide purchasers, it would necessarily follow that such facts must be regarded as true, unless denied by

the plaintiff, and an averment of the complaint cannot be treated as such a denial.

It follows from these views, that defendants' attachment takes precedence over the rights acquired by the plaintiff by his deed from Kane, and the complaint must be dismissed.

REVERSED.

### Decided 26 February, 1907.
### ON MOTION FOR REHEARING.

MR. CHIEF JUSTICE BEAN delivered the opinion.

6. Counsel is in error in supposing that the court held that the requirement of the statute that a certificate of attachment should contain the title of the cause is a nullity. The holding is that such a certificate, if without a caption, is sufficient if it contains in the body thereof "the title of the cause and the names of the parties," and otherwise complies with the statute. In short, that it is not necessary that the certificate should have a caption stating the title of the cause and the names of the parties, but it is enough if it contains in the body thereof all the essential requirements of the statute. Nor does the decision conflict with *McDowell* v. *Parry,* 45 Or. 99 (76 Pac. 1081). In the McDowell case it was held that, where a certificate of attachment purports to state the title of the cause and the names of the parties in a caption, it must state them correctly; and a failure to do so is fatal to the attachment. This case holds that, where no caption is used, the certificate is sufficient if the essential facts required by the statute appear in the body thereof.

The petition for rehearing is denied.

REVERSED: REHEARING DENIED.