Argued January 25, affirmed February 8, 1921.

## BAILEY v. HICKEY.

(195 Pac. 372.)

**Equity—Complaint Alleging Several Reasons for Cloud on Title Does not Show Misjoinder.**

1. A complaint in suit to remove a cloud from plaintiff's title does not allege separate causes of suit, though the complaint alleged different reasons concerning the cloud on the title.

**Quieting Title—Complaint to Remove Cloud on Title Held Sufficient.**

2. A complaint to remove a cloud on plaintiff's title, resulting from a sale on attachment levied after plaintiff purchased but before his deed was recorded, at which sale defendants bought the land, which clearly shows that plaintiff's title has been clouded and that the cloud resulted from defendant's acts, states sufficient facts to constitute cause of suit.

**Appeal and Error—Equity Suit Tried De Novo but Judge's Findings Given Weight.**

3. Section 159, Or. L., giving the court's findings the effect of a verdict, does not apply to a suit in equity which is governed by Section 405, giving the findings the effect of a verdict, except that on appeal the cause shall be tried without reference thereto, but, though the equity cause is tried *de novo*, the judge's findings are given weight.

**Attorney and Client—Knowledge of Attorney Acquired Shortly Before Employment Imputed to Client.**

4. The knowledge of a sale of land acquired by an attorney by the satisfaction of his attorney's lien thereon from the purchase price is imputed to another client, who shortly after the sale, and before the deed was recorded, brought suit against the vendor and attached the land.

**Attachment—Attaching Creditor must Prove He is Bona Fide Purchaser.**

5. Sections 301, 9874, Or. L., making an attaching creditor a purchaser in good faith from the date of attachment, does not relieve such creditor of the burden of proving that he is a *bona fide* purchaser by proof that he had a valid debt and that the attachment was regularly procured.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is a suit in equity instituted by Edward Bailey, plaintiff and respondent, who sought a court of equity in order to have a cloud removed from title to lands

purchased from Mrs. Jennie Mitchell. There is no question but that Bailey purchased and paid for the lands in good faith, but he delayed in having his deed recorded for about thirty days. In the interval the defendants, Oliver M. Hickey, attorney at law, and his client, Eugene Clem, commenced an action at law against plaintiff's vendor and caused the land to be attached. Some time prior to the commencement of the action against Mrs. Jennie Mitchell by attorney Hickey for his client Clem, Hickey had been the attorney for Mrs. Mitchell in a partition suit involving the lands conveyed to Bailey. At the conclusion of the suit, Mrs. Mitchell being unable to pay him, Hickey protected himself by filing an attorney's lien upon the land. Some months later, Mrs. Mitchell and her husband sold the land and Hickey's lien was satisfied out of the purchase price. About forty days thereafter, Hickey sued his former client for Clem and attached the land that she had sold to Bailey, before he had recorded his deed. Hickey obtained judgment for Clem and caused the land to be sold on execution. Clem became the purchaser at the sale and later conveyed all his interest in the land to his attorney and codefendant, Oliver M. Hickey.

Among the facts found by the court below are the following:

"That as early as the ninth day of May, 1918, the defendant Hickey knew that the said Mitchells had contracted and sold said real property; and it was further understood by the said Hickey that the one hundred dollars which he received in payment of his said lien was paid by the Mitchells out of the proceeds of said sale, and that on May 22, 1918, the First National Bank of Junction City, Oregon, mailed to said Hickey at Portland, Oregon, a draft for one hundred dollars in payment of said Hickey's lien against said real property.

"That said defendant Hickey was the attorney for the defendant Clem in said action against said Mitchells in which said real property was attached as hereinbefore fully set forth, and that, at the time said action was instituted, and at the time said attachment was levied against said real property, and at the time said real property was sold at sheriff's sale, the defendant Hickey had full knowledge that said real property had been sold by the Mitchells and that the Mitchells were not the owners thereof. That said property was attached on the eighth day of July, 1918, but said deed was not recorded until the twenty-fourth day of July, 1918."

To plaintiff's complaint defendants filed a demurrer "on the ground that several causes of action have been improperly united"; also, "on the ground that the complaint does not state facts sufficient to constitute a cause of suit." Upon the court's overruling the demurrer the defendants answered, making a general denial of the allegations of plaintiff's complaint, except that they admitted that part of the complaint alleging:

"That on or about July 1, 1918, the said defendant, Eugene A. Clem, commenced an action against the said Mitchells, in the Circuit Court of the State of Oregon, in Multnomah County, and caused an attachment to be levied on said real property.

"That through said action of said Clem against the Mitchells, a judgment was secured for the sum of $100, or more, and an order made for the sale of said real property; that in pursuance of said order said real property was sold to the defendant Clem; that the sale was evidenced by a certificate of sale, issued by the sheriff of Lane County, Oregon, which is recorded at 524 Deed Book 119 of Records, Lane County, Oregon; the date of said certificate is March 1, 1919.

"That after the said certificate had been issued, the defendant Clem executed and delivered to the defendant Hickey all his interest in said real property by virtue of said sale."

Based upon the findings of fact and conclusions of law, the court entered a decree for the plaintiff and against the defendants, from which defendants appeal, assigning the following errors:

"That appellants herein, Oliver M. Hickey and Eugene Clem, say that there was manifest error committed by the Circuit Court in this cause, and which appears on the face of the record, as follows:

"The court erred in not sustaining demurrer interposed by defendants, and in making the order dated July 10, 1918, overruling said demurrer.

"That the court erred in finding as a fact that as early as May 9, 1918, the defendant Hickey knew that the said Mitchells had contracted and sold said real property, attached July 8, 1918, and that the $100 Hickey received on May 22, 1918, in payment of his lien, was paid by Mitchells out of the proceeds of the sale of said land, and that this knowledge was imputed to Clem, who only became his client for the first time June 27, 1918.

"The court erred in finding that the knowledge of Hickey acquired, if at all, when he was not acting for Clem in any capacity, was the knowledge of Clem, when he filed his action on July 1, 1918, against the said Jennie Mitchell, and said knowledge of Hickey was imputed to Clem.

"The court erred in holding that plaintiff Bailey was entitled to the decree as entered against defendants, under the record and evidence in this cause."

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Oliver M. Hickey.*

For respondent there was a brief over the names of *Mr. C. N. Johnson* and *Mr. A. C. Woodcock,* with an oral argument by *Mr. Johnson.*

BROWN, J.—1, 2. The defendants insist that their demurrer should have been sustained, first, on the

ground that "several causes of action have been improperly united." This contention is without merit. The purpose of the suit is to remove a cloud from plaintiff's title. The different reasons alleged in the complaint concerning the cloud on plaintiff's title do not constitute separate causes of suit: *Day* v. *Schnider,* 28 Or. 457 (43 Pac. 650). As to defendants' second ground of demurrer, we cannot agree with their contention that "the complaint fails to state facts sufficient to constitute a cause of suit." The complaint clearly shows that plaintiff's title has been clouded and that the cloud cast upon his title is the result of the defendants' acts. In fact, the complaint not only states a cause of suit for the removal of a cloud on title, but contains a great deal of surplusage, which could have been stricken therefrom upon motion. We are satisfied that the complaint is full and sufficient.

The court below found as a matter of fact that the defendant Hickey had knowledge that the real property involved herein had been sold by the Mitchells and that the Mitchells were not the owners thereof at the time of the levy of the attachment on the eighth day of July, 1918; and, as a conclusion of law, that the knowledge of Hickey was the knowledge of his codefendant, Clem; "that, the defendant having full knowledge that the said real property was sold at the time said attachment was levied against said real property," it necessarily followed that "the plaintiff's deed is prior to the attachment; that plaintiff's title to said property is free and clear of any and all liens and encumbrances by reason of said attachment."

3. The obligation of this court to follow the findings of fact of the court below is discussed in the briefs. Section 159, Or. L., providing that:

"The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reasons, as far as applicable, and a new trial granted,"

—does not apply to a suit in equity. Section 405, Or. L., among other things, provides:

"The court, in rendering its decision, shall set out in writing its findings of fact upon all the material issues of fact presented by the pleadings, together with its conclusions of law thereon; * * and such findings of fact shall have the same force and effect and be equally conclusive as the verdict of a jury in an action at law, *except* on appeal to the Supreme Court the cause shall be tried anew without reference to such findings."

In *Cox* v. *Cox,* 98 Or. 148 (193 Pac. 484), this court said:

"Although the cause must be tried and determined here *de novo,* * * yet when we find * * contradictions upon all material points, we are disposed to give much weight to the findings of the trial judge, for the reason that he saw the witnesses in action, and thus had the benefit of a kind of evidence which cannot be preserved and presented to an appellate court: *Scott* v. *Hubbard,* 67 Or. 498, 505 (136 Pac. 653); *Hurlburt* v. *Morris,* 68 Or. 259, 272 (135 Pac. 531); *Tucker* v. *Kirkpatrick,* 86 Or. 677, 679 (169 Pac. 117)."

4. From the testimony in the instant case, we believe that Oliver M. Hickey knew, at the time he filed the action for Clem against his former client, Mrs. Mitchell, and at the time he caused attachment to issue and levy upon the real property, and at the time that the real property was sold upon execution

and bid in by Clem, that Mrs. Mitchell had sold the same. Hickey knew that he had been paid for his services as attorney out of funds arising from the sale of that property. It has been said that the whole doctrine of imputed notice to the client or principal rests upon the ground that the attorney or agent has knowledge of something, material to the particular transaction, which it is his duty to communicate to his principal.

From the proof in this case, there is strong reason for holding that the facts within the knowledge of the attorney acting for Clem, and acquired as late as forty days prior to instituting the action in the Circuit Court of Multnomah County, were communicated to his client. The presumption is that Hickey did his duty as an attorney and advised Clem in the premises.

It is well said in 2 C. J. 867:

"On the question whether a principal is chargeable with the knowledge acquired by his agent prior to the existence of his agency, the authorities differ widely, some holding that in order to charge the principal the knowledge must be acquired by the agent during the agency, and that, as a general rule, knowledge acquired prior thereto will not affect the principal. The more logical rule, however, and that which is supported by the great weight of recent authority, is that knowledge of an agent acquired prior to the existence of the agency will be chargeable to the principal if it is clearly shown that the agent, while acting for the principal in a transaction to which the information is material, has the information present in his mind, or where it was acquired so recently, or under such circumstances, that it will be presumed to have been in his mind at the time of the transaction in question; and provided the information was not obtained under such circumstances

99 Or.—17

as to make it the legal duty of the agent not to divulge it to the principal.''

Oregon is committed to the doctrine announced in this text. Two valuable cases enunciating the rule as stated are *Saratoga Inv. Co.* v. *Kern,* 76 Or. 243 (148 Pac. 1125), opinion by Mr. Justice HARRIS, and *Oliver* v. *Grande Ronde Grain Co.,* 72 Or. 46 (142 Pac. 541), opinion by Mr. Justice BURNETT.

5. Under the testimony in this case, Hickey's knowledge of the sale of the land was binding upon Clem. The plaintiff was not only entitled to a decree for the reasons found by the court below, but also for the further reason that before an attaching creditor in Oregon is deemed to be a purchaser in good faith he must allege and prove the facts establishing his position as such. It is stated, in effect, by Mr. Justice STRAHAN, in *Weber* v. *Rothchild,* 15 Or. 385 (15 Pac. 650, 3 Am. St. Rep. 162), that a good-faith purchase for value and without notice is an affirmative defense and must be pleaded and proved.

This court has held that:

''An attaching creditor is placed in exactly the same position, with reference to his rights in the property attached, as a *bona fide* purchaser in good faith and for value'': *Meier* v. *Hess,* 23 Or. 601 (32 Pac. 755).

In *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. 971), Mr. C. J. THAYER states:

''The respondents in this case should have alleged the facts showing that the attachment proceedings were duly commenced upon a valid debt; that the block in question was duly levied upon by the sheriff under the said proceedings; that he made a certificate containing the title of the cause, the names of the parties, a description of the real property, a statement that the same had been attached at the suit of

the plaintiffs therein, the date thereof, and that he had delivered such certificate to the county clerk of the county of Umatilla, and that the latter had duly filed and recorded it as provided in Section 151, Civil Code, and that they had no notice or knowledge of the mistake in the deed from McGarry to appellant at the time such proceedings were taken and had. These facts, properly set forth in the answer, would doubtless have entitled the attaching creditors to claim, as against the appellant, that they were entitled to 'be deemed purchasers in good faith and for a valuable consideration of the property attached.' "

To the same effect is *Flegel* v. *Koss,* 47 Or. 371 (83 Pac. 847).

Under the statute of this state, Clem shall be deemed a purchaser in good faith and for a valuable consideration of the property, as against plaintiff, from the eighth day of July, 1918, the date when the land was attached: Sections 301 and 9874, Or. L. But in order for Clem to be deemed such a purchaser as against plaintiff, who had previous to the time of the attachment purchased and paid for the property, and to whom a deed therefor had been delivered, he must allege and prove every fact necessary to establish that character of his ownership as against the rights of plaintiff.

Mr. Justice BEAN, speaking for this court in *Barnes* v. *Spencer,* 79 Or. 205, 214, 215 (153 Pac. 47, 50), wrote:

"Defendant maintains that the property is not subject to the prior equity of plaintiff. In order for defendant Spencer, as an attaching creditor, to be deemed a purchaser in good faith and for a valuable consideration as against the plaintiff, Grace D. Barnes, who is the owner of an outstanding equity in the property upon which execution was levied, the defendant must

allege and prove all the facts necessary to establish that character of his ownership as against such equity. One of such material facts is, that his claim is founded upon a fair valuable consideration: *Flegel* v. *Koss,* 47 Or. 366 (83 Pac. 847); *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. 971); *Haines* v. *Connell,* 48 Or. 469 (87 Pac. 265, 88 Pac. 872, 120 Am. St. Rep. 835). An attaching creditor, although placed on an equality with a purchaser, cannot claim any greater privilege than would be granted to such purchaser: *Jennings* v. *Lentz,* 50 Or. 483, 487 (93 Pac. 327, 29 L. R. A. (N. S.) 584)."

The burden was upon the defendants in this case to affirmatively allege and prove every step necessary to entitle them to the rights of a purchaser in good faith for a valuable consideration. No presumption of regularity can relieve them of this burden: *Rhodes* v. *McGarry,* 19 Or. 222 (23 Pac. 971); *Laurent* v. *Lanning,* 32 Or. 11 (51 Pac. 80); *Flegel* v. *Koss,* 47 Or. 366 (83 Pac. 847); *Haines* v. *Connell,* 48 Or. 469 (87 Pac. 265, 88 Pac. 872); *Metropolitan Inv. etc. Co.* v. *Schouweiler,* 83 Or. 699 (163 Pac. 599, 164 Pac. 370).

Mr. Justice McCAMANT, in the case last cited, said:

"This court has been called upon several times to interpret Section 301, L. O. L., in its application to this state of facts. It is well settled that the legislature did not intend to put the attaching creditor in any better position than the holder of a subsequent deed from the defendant in the attachment action. It is accordingly held that it is necessary for the attaching creditor to allege and prove that he had no notice of the unrecorded deed when his attachment was levied."

This the defendants have not done. They have entirely failed to assume the burden that the law places upon them. There is nothing in the record that leads

us to believe that Bailey's property should be taken
by defendants to satisfy Mrs. Mitchell's debts.

The decree is affirmed.              AFFIRMED.

BURNETT, C. J., and BEAN and JOHNS, JJ., concur.

---

'Argued January 21, affirmed February 8, 1921.