Argued February 15, affirmed March 5, argued on rehearing September 17, reversed and remanded October 22, 1929.

## FRANK A. HEITKEMPER *v.* R. W. SCHMEER

ET AL.

(275 Pac. 55; 281 Pac. 169.)

For appellant there was a brief over the names of *Mr. Martin L. Pipes, Mr. John M. Pipes* and *Mr. George A. Pipes,* with an oral argument by *Mr. Martin L. Pipes.*

For respondents there was a brief over the names of *Messrs. Bronaugh & Bronaugh, Messrs. Husted & Husted, Mr. Bartlett Cole* and *Mr. William S. Nash,* with an oral argument by *Mr. Earl C. Bronaugh.*

BROWN, J.—■ The plaintiff contends that Schmeer is the trustee of a resulting trust, whereas it is the contention of the defendants that the trust is not a resulting, but an express, trust.

The case of *Neppach* v. *Norval,* 116 Or. 593 (240 Pac. 883, 242 Pac. 605), was a suit to declare a resulting trust in certain real estate; and, in dealing with the subject, this court said, at page 604:

"In this state an express trust is one created by contract of the parties intentionally and in writing. Every other trust is either constructive or resulting."

In Bogert on Trusts, beginning at page 43, appears an interesting and comprehensive treatise on trusts and their necessary elements, in the course of which the author makes the following observation:

"In considering the origin of trusts, two classes are usually fixed. Those trusts which come into being because the parties concerned have formed the actual intent that they shall arise, have expressed that intent in writing or spoken words or otherwise, and have made the requisite property transfers, are called express trusts. Thus, if A executes a writing

whereby he declares himself trustee of certain lands for B, using the words 'trustee' and 'cestui que trust,' and describing the particular land as the subject of the trust, there is an express trust.''

Then after stating the generally accepted rule requiring express trusts of real property to be manifested by a writing, Bogert says, at page 54:

''Any writing, however informal, is sufficient to satisfy the statute, if it contain a complete statement of the trust, and is signed or subscribed by the proper party.''

The same author, continuing, at page 63 says that the writing may be composed of more than one document, but that, if two or more papers are relied upon, their connection must be shown ''by physical attachment * * , or by reference to and adoption of one by another, or by clear reference to the same transaction upon the face of each.''

In the case at bar, the papers relied upon to create the trust do not appear to be connected by physical attachment; but their connection is clearly indicated by their contents. The deed to R. W. Schmeer, trustee, conveys to him the subject matter of the trust. Obviously, this deed, with Schmeer's written declaration of trust, and the writing signed by the plaintiff and seven others, constitutes an express trust contract. The papers also afford a sufficient compliance with our statute with respect to the creation of a trust in real property. See Or. L., §§ 713, 804.

■■ The plaintiff contends that the fact that the name of the grantee in the deed from Gile Investment Company appeared as ''R. W. Schmeer, Trustee,'' and the further fact that Schmeer's deed to his co-defendant, A. Larrowe, was executed by Schmeer personally and by ''R. W. Schmeer, Trus-

tee," as well, constitutes notice to Larrowe that Schmeer held the title in trust, and placed upon Larrowe the duty of informing himself concerning the matter of the trust and the authority of the trustee. The question of notice, then, becomes the important factor in the case. Its importance is clearly illustrated by the following excerpt from Berry, Restrictions on Use of Real Property, Section 337:

"The contract in question is a restrictive agreement as to the use of the property, which may be enforced upon equitable grounds in favor of the lot designed to be benefited by the restriction. And it may be enforced against any owner of the lot, subject to the burden of the restriction, who took it with notice."

At Section 335, the same author says:

"One having no notice that a lot of ground is subject in any way to restrictions, and the same do not appear in the chain of title thereto, takes the same by purchase free from such restrictions."

This question has been passed upon in various jurisdictions. Among the decisions referring thereto, we mention the case of *Fletcher* v. *Kidder*, 163 Cal. 769 (127 Pac. 73), where it was held that the mere fact that the word "trustee" appeared in a stock certificate after the name of the holder was not evidence of ownership outside of the holder. In rendering its decision in that case, the court quoted from the case of *Brewster* v. *Sime*, 42 Cal. 139, 144, as follows:

"The mere addition of the word 'trustee' after the name in the certificate is not, in this state, of itself, nothing more appearing, to be deemed constructive notice of the equities of a secret owner of the stock."

See, also, *Thompson* v. *Toland*, 48 Cal. 99.

On the same point, Bogert on Trusts says, at pages 515, 516:

"If the trust property is represented by a document, as, for example, a bond, certificate of stock, or note, and it appears on the face of such document that the holder owns as trustee, a purchaser will be held to have notice of the trust. But in some cases the bare word 'trustee' in the paper has not been deemed sufficient to charge a purchaser with notice."

But the defendant invokes the provisions of Chapter 436, General Laws of Oregon of 1919, codified as Section 9853, Or. L., being

"An Act

"To declare the law in regard to deed made to parties in trust, or where the grantee is designated as trustee without any beneficiary being designated.

"BE IT ENACTED BY THE PEOPLE OF THE STATE OF OREGON:

"Sec. 1. Whenever a deed to real estate is made to a person in trust, or where he is designated as trustee and no beneficiary is indicated or named, it shall be presumed that the grantee is trustee for himself only, and a deed executed by him for said property shall convey to his grantee *prima facie* title thereto.

"Sec. 2. After five years from the recording of the last named deed, such presumption shall be conclusive as to any undisclosed beneficiary, and such title shall not be called in question by any one claiming as beneficiary under said first named deed."

This statute is remedial in its nature, and should be liberally construed to effectuate its purpose: 25 R. C. L., § 36, Statutes. It in no way interferes with vested rights of the parties hereto.

■ As appears from our statement of this case, the plaintiff avers that besides notice of the trust con-

tained in the deed from Gile Investment Company to Schmeer as trustee, and in the deed from Schmeer as trustee to Larrowe, defendant Larrowe had other notice and knowledge that Schmeer held the property as trustee, with no authority to sell the same free from the restrictions hereinbefore referred to. He fails, however, to allege the facts showing such other and additional notice. Therefore, this allegation is a mere conclusion, and is of no effect. Our view is supported by the following excerpts from 14 Ency. Pl. & Pr. 1071:

"In averring notice, the usual rule prevails that facts, and not conclusions of law, should be pleaded. A general averment that the defendant had notice is not sufficient."

■ Further discoursing as to the sufficiency of the notice, 7 Bancroft's Code Practice and Remedies, at page 7707, under note 18, sets out the following general statement, couched in language clear and easily understood:

"Whatever is notice enough to excite attention and put a reasonably prudent person on his guard, and calls for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he is deemed conversant of it (citations omitted). See *Hawkes* v. *Hoffman*, 56 Wash. 120 (24 L. R. A. (N. S.) 1038, 105 Pac. 156), declaring that the rule does not impute notice of every conceivable fact, however remote, that can be learned from inquiry; it imputes notice only of those facts that are naturally and reasonably connected with the fact known, and of which the known fact can be said to furnish a clew.

"Wilful ignorance is equivalent, in law, to actual knowledge. One who abstains from inquiry when

inquiry ought to be made cannot be heard to say so, and to rely upon his ignorance."

Our practice is in harmony with this principle.

Nor do we intimate that, if heard upon the merits, the plaintiff's allegations that Larrowe took with notice would relieve him of the necessity of pleading and proving that he (Larrowe), in good faith and without notice, purchased the property for a valuable consideration. The law of *bona fide* purchaser for value is well stated in *Hyland* v. *Hyland,* 19 Or. 51 (23 Pac. 811). See, also, *Bailey* v. *Hickey,* 99 Or. 251 (195 Pac. 372), and the cases therein cited.

As to the contention that equity is without jurisdiction herein, we do not decide this case on that point. However, passing for the moment from out the pale of our deliberations on the material questions before us, we refer to the case of *Duester* v. *Alvin,* 74 Or. 544 (145 Pac. 660), where it was held that equity will enforce by injunction negative covenants and clauses in deeds restricting the use of land, although such covenants do not, in law, constitute assignments or covenants running with the land.

Briefly summarized, the record discloses that eight persons, one of whom was this plaintiff, and another the defendant Schmeer, conceived a plan for preserving from invasion by apartment houses or flats the residential district in which they lived. To accomplish their enterprise, they advanced the purchase price of the land hereinbefore described, and had the deed thereto executed to Schmeer, trustee. Schmeer issued to his associates in the enterprise a declaration of trust. His associates accepted the terms of the declaration, and empowered the trustee to sell and convey the land, under the restriction

that neither apartment houses or flats should be erected thereon. The trustee eventually disposed of one half of the trust property contrary to the terms of the trust, in that he granted to the vendee the right to construct both apartments and flats thereon. The plaintiff, however, has failed to allege sufficient facts to show that the purchaser of the land had ample notice of the restrictions. It follows that the order of the lower court sustaining the demurrer should be affirmed.

It is so ordered. AFFIRMED.

COSHOW, C. J., and BEAN and BELT, JJ., concur.

---

Reversed and remanded on rehearing October 22, 1929.

## ON REHEARING.

(281 Pac. 169.)

For appellant there was a brief over the names of *Mr. John M. Pipes* and *Mr. George A. Pipes*, with an oral argument by *Mr. Martin L. Pipes*.

For respondents there was a brief over the names of *Mr. Bartlett Cole, Messrs. Husted & Husted, Messrs. Bronaugh & Bronaugh* and *Mr. William S. Nash*, with an oral argument by *Mr. Earl C. Bronaugh*.

BELT, J.—This suit was commenced to enjoin an alleged breach of a trust agreement executed for the purpose of preventing the construction of an apartment house in a residential district in which plaintiff resides. The trial court sustained a general demurrer to the complaint and, upon refusal of the plaintiff to plead further, dismissed the suit.

On former hearing this decree was affirmed: *Ante*, p. 644 (275 Pac. 55). Mr. Justice BROWN, speaking for the court, thus properly summarized the allegations of the complaint:

"The record discloses that eight persons, one of whom was this plaintiff and another the defendant Schmeer, conceived a plan for preserving from invasion by apartment houses or flats the residential district in which they lived. To accomplish their enterprise, they advanced the purchase price of the land hereinbefore described, and had the deed thereto executed to Schmeer, trustee. Schmeer issued to his associates in the enterprise a declaration of trust. His associates accepted the terms of the declaration, and empowered the trustee to sell and convey the land, under the restriction that neither apartment houses or flats should be erected thereon. The trustee eventually disposed of one-half of the trust property contrary to the terms of the trust, in that he granted to the vendee the right to construct both apartments and flats thereon."

We are satisfied with the original opinion in stating the object and purpose of the trust and that there was a breach thereof when the Trustee Schmeer conveyed the property to the defendant A. Larrowe, expressly excepting in the deed any restriction against the building of flats or apartment houses. When the declaration of trust executed by Schmeer is read in the light of the instrument contemporaneously executed by the beneficiaries, there can be no doubt that it was the intention of the parties thereto to prevent the invasion by apartment houses of this residential district. It appears from the allegations of the complaint, which were admitted on demurrer, that the parties so construed it. We think it was error, however, to hold that the demurrer should have been sustained for the reason that plaintiff

"failed to allege sufficient facts to show that the purchaser of the land had ample notice of the restrictions." Relative to the matter of notice, plaintiff alleged:

## "XVIII.

"That the said A. Larrowe received the said property and made the said purchase with notice, appearing upon the face of the said deed, that the said R. W. Schmeer made the same in the double capacity of Trustee and as owner of his individual right and interest in the said property.

## "XIX.

"That besides the notice of said trust contained in the deed from the said Gile Investment Company to said R. W. Schmeer, as Trustee, and in the deed from R. W. Schmeer, as Trustee, and in his individual right, to A. Larrowe, the said defendant A. Larrowe had other notice and knowledge that the said R. W. Schmeer held the said property as Trustee, and notice and knowledge that he held the same with no authority to sell the same free from the restrictions of the said trust against the use of the said property for the purpose of apartments or flats.

## "XX.

"The plaintiff alleges that the said A. Larrowe had actual knowledge that the said R. W. Schmeer was a trustee and not the owner in his own right of said property, in this: That in the examination of the chain of his title he actually examined and read the recitals in the deed from the Gile Investment Company to the said R. W. Schmeer, as Trustee, and knew therefrom that he was Trustee, and not the owner thereof beyond the interest of his individual contribution to said trust."

Assuming that the allegations of the complaint are true, the equitable title to this property was vested in the plaintiff, and Schmeer, under the terms

of his trust, had no power or authority thus to convey it. In order to defeat the equitable interest of the plaintiff it would be incumbent upon the grantee of Schmeer to allege and prove, as an affirmative defense, that he was a *bona fide* purchaser and that he had no notice nor knowledge of the plaintiff's beneficial interest therein: *Bailey* v. *Hickey*, 99 Or. 251 (195 Pac. 372); *Hyland* v. *Hyland*, 19 Or. 51 (23 Pac. 811); *Rhodes* v. *McGarry*, 19 Or. 222 (23 Pac. 971); *Weber* v. *Rothchild*, 15 Or. 385 (15 Pac. 650, 3 Am. St. Rep. 162).

■ Notice was not an essential element of plaintiff's cause of suit. It was sufficient to allege the existence of the trust, its nature and character, and that the defendants had participated in its breach. True, if it had affirmatively appeared on the face of the complaint that Larrowe had no notice nor knowledge of plaintiff's outstanding equitable title and that he was a *bona fide* purchaser for value, a demurrer to the pleading would have been appropriate: 2 Pomeroy's Equity Jurisprudence (4 ed.), § 784. It is said in 46 C. J. 565:

" * * while a mere denial of notice alleged as part of plaintiff's cause.of action may be good, the necessity for, and lack of, notice as an affirmative defense must be pleaded in the plea or answer at least where lack of notice is not apparent from the declaration, bill, or complaint itself."

Plaintiff, however, did not plead himself out of court.

■ Assuming that notice was an essential element of plaintiff's cause of suit, we think the allegations relative to the knowledge of Larrowe were not mere conclusions. An averment of knowledge is not a conclusion of law: 2 Pomeroy's Equity Jurispru-

dence (4 ed.), § 592; *Cousins* v. *Wilson,* 94 Okl. 29 (220 Pac. 923).

Since the decree of the lower court must be reversed and the cause remanded, it is deemed proper to consider the force and effect of Section 9853, Or. L., which provides:

"Whenever a deed to real estate is made to a person in trust or where he is designated as trustee and no beneficiary is indicated or named it shall be presumed that the grantee is trustee for himself only and a deed executed by him for said property shall convey to his grantee *prima facie* title thereto. After five years from the recording of the last-named deed such presumption shall be conclusive as to any undisclosed beneficiary and such title shall not be called in question by any one claiming as beneficiary under said first-named deed."

At this juncture it is well to bear in mind that in the deed from Gile Investment Company to Schmeer as trustee the beneficiaries were not named therein nor did such conveyance disclose the character of the trust. Prior to the enactment of the above statute, it is clear that the word, "trustee" in a deed would put the purchaser upon notice and make it obligatory upon him to inquire as to the nature and limitations of the trust.

■ The rule is thus stated in Devlin on Real Estate (3 ed.), Section 738a:

"The general rule that pervades the whole doctrine of notice is that, whenever sufficient facts exist to put a person of common prudence upon inquiry, he is charged with constructive notice of everything to which that inquiry, if prosecuted with proper diligence, would have led."

It is said in *McLeod* v. *Despain,* 49 Or. 536 (90 Pac. 492, 92 Pac. 1088, 124 Am. St. Rep. 1066, 19

L. R. A. (N. S.) 276), a decision rendered prior to the above enactment:

" * * the word 'trustee' added to a payee's name in a written instrument, is sufficient to put the purchaser upon inquiry as to all the terms and conditions under which it may have been executed, and in the absence of such inquiry knowledge thereof will be presumed. We also deem a recognition of this rule necessary to properly protect the beneficiaries of such trusts; otherwise under the claim of being a *bona fide* purchaser, through the neglect of the assignee of an instrument to make inquiry, the *cestuis que trustent* in many instances would, without fault on their part, suffer great loss. The adoption of the rule here recognized protects the innocent without hardship to investors; while the contrary doctrine offers an inducement to purchasers of this kind of property to neglect making inquiry as to the import of the word 'trustee,' by which the innocent must often suffer at the hands of dishonest trustees in whose selection it often happens the beneficiary has no voice."

Also see 26 R. C. L. 1298.

 In what way does this statute alter the rule well established prior to its enactment? If we construe the words, "it shall be presumed that the grantee is trustee for himself only" in the literal sense, an absurdity results. It is not possible for a grantee to become "trustee for himself only." When the equitable title and the legal title merge in the same person there is no reason for the continuation of the trust and it terminates. As stated in 39 Cyc. 248: "It is undoubtedly true that the same person cannot be at the same time sole trustee and sole beneficiary of the same identical interest; * * ." Also see 26 R. C. L. 1186. While it is almost beyond the pale of judicial construction to deduce that the legis-

lature intended the words, "it shall be presumed that the grantee is trustee for himself only" should be equivalent to saying that "it shall be presumed that the grantee is the owner in fee," this is the only construction which can be given the statute if it is not to be declared invalid for uncertainty. We assume then that Larrowe, on inspection of the deed wherein Schmeer was named as trustee, had a right to assume in the absence of notice to the contrary, that Schmeer was the owner of the property and had the right to sell the same. A *prima facie* title, however, is not an indefeasible title. It is one which under the statute may be defeated if, before the expiration of five years from the recording of the deed, it be shown that his grantor did not own the property but merely acted as trustee for beneficiaries having equitable interests therein. It is incumbent upon Larrowe to show by the greater weight of evidence that he had no notice or knowledge of the trust agreement and that he was a *bona fide* purchaser for value. The statute does not purport to change the rule relative to burden of proof. The disputable presumption becomes a conclusive one if the title of the grantee is not "called in question," within five years from the recording of the deed. If upon trial the existence of the trust is established and defendant Larrowe fails to show by the greater weight of the evidence that he was a *bona fide* purchaser of the property, the plaintiff would be entitled to prevail.

■ We learn from oral argument of counsel that an apartment house has been constructed since the commencement of this suit and is now occupied. Under such circumstances, in the event that a decree is rendered in favor of the plaintiff it would not be

equitable to compel the removal of this apartment house without granting to the owner thereof the privilege and opportunity of compensating plaintiff for damages sustained by reason of the breach of trust. Summarily to compel the restoration of the property to its original condition would unnecessarily and unjustly inflict damage upon the defendants greatly in excess of damages sustained by plaintiff. If the decree be for plaintiff it should be in the alternative, that is, that the defendants remove the apartment house from the lots within a reasonable length of time or, upon their failure so to do, to respond in damages: 14 R. C. L. 323. After issue is joined it will be proper to inquire into the extent of plaintiff's damages and, in the event of a decree in his favor, to assess and determine the amount thereof. If Schmeer violated this trust he would be liable even though it be shown that Larrowe was a *bona fide* purchaser.

The decree of the lower court in sustaining the demurrer and in dismissing the suit is reversed and the cause remanded, with directions to permit plaintiff to file an amended complaint. Defendants may within ten days thereafter answer if they see fit to do so. Plaintiff is entitled to his costs and disbursements. REVERSED AND REMANDED.