[Filed May 14, 1891.]

## W. T. CARROLL, ADMINISTRATOR., *v.* T. H. GILHAM.

BONA FIDE PURCHASER FOR VALUE WITHOUT NOTICE.— Facts examined, and *held* that defendant is a *bona fide* purchaser of the property in controversy for value without notice of the latent equity set up by the plaintiff, and that the defendant took said property freed freed from such equity.

Union county: M. D. CLIFFORD, Judge.

Plaintiff appeals. Affirmed.

This is a suit to enforce a grantor's lien on real property for the purchase money. One Stansell in his life-time sold the real property in controversy to the defendant J. G. Berry, which was about June 17, 1881. Afterwards said Stansell died intestate in Union county, Oregon, and the plaintiff was appointed his administrator. At the time of the sale of said land to Berry, he executed his promissory note to said Stansell for $700, due on the first day of October, 1882, to secure the purchase money. The defendant demurred to the complaint, which being overruled, Berry refused to answer further. The defendant Gilham filed his separate answer denying the material allegations of the complaint, and then for a separate defense pleaded that he was a *bona fide* purchaser of said premises for value and without notice of the alleged lien. This part of the answer concisely stated all the facts necessary to protect the interest of defendant as a *bona fide* purchaser in said premises. He also pleaded the statute of limitations. The cause was referred by the court

below; and the findings of the referee being in favor of the defendant, the same was confirmed by the court and a final decree entered dismissing the suit, from which the plaintiff appeals.

*J. W. Shelton*, for Appellant.

The vendor of land holds a lien for the unpaid purchase money as against the vendee and all purchasers with notice. (*Gee* v. *McMillan*, 14 Or. 268; 58 Am. Rep. 315; 2 Story's Eq. Jur. §§ 1217, 1225; *Hill* v. *Grisby*, 32 Cal. 56; *Preston* v. *Morris*, 42 Iowa, 551; *Aldridge* v. *Dunn*, 7 Blackf. 249; 41 Am. Dec. 224; *Walton* v. *Hargroves*, 42 Miss. 18; 97 Am. Dec. 429; *Coos Bay etc. Co.* v. *Crocker*, 6 Saw. 574; *Tiernan* v. *Beam*, 2 Ohio, 383; 15 Am. Dec. 557; *Strohm* v. *Good*, 113 Ind. 93.)

And this lien attaches whether a vendor conveys or only contracts to convey. (2 Story's Eq. Jur. § 1218; 32 Cal. *supra;* 42 Iowa, *supra.*)

Nor is this lien affected by the statutory bar of the note given for the purchase money. (*Myer* v. *Beal*, 5 Or. 130; *Relfe* v. *Relfe*, 34 Ala. 500; 73 Am. Dec. 467; *Bizzell* v. *Nix*, 60 Ala. 281; *Lewis* v. *Hawkins*, 23 Wall. 119; *Magruder* v. *Peter*, 11 Gill & J. (Md.) 217; *Belknap* v. *Gleason*, 11 Conn. 160; 27 Am. Dec. 721; *Flinn* v. *Barber*, 61 Ala. 530; *Baltimore etc. R. R. Co.* v. *Trimble*, 51 Md. 99; *Ware* v. *Curry*, 67 Ala. 274.)

Our courts hold it is not necessary to constitute a notice that it should be in the shape of a distinct and formal communication. It will be implied in all cases where a party is shown to have such means of information as to justify the conclusion that he might and ought to have availed himself of them. (*Musgrove* v. *Bonser*, 5 Or. 313; 20 Am. Rep. 737; *Bohlman* v. *Coffin*, 4 Or. 313; *Barnes* v. *McClinton*, 3 Pen. & W. 67; 23 Am. Dec. 62; *Wood* v. *Rayburn*, 18 Or. 1.)

The general doctrine is, that any condition which is sufficient to attract the attention of the purchaser to the prior rights and equities of third persons, and to enable him to ascertain their nature by inquiry, will operate as notice. (*Sigourney* v. *Munn*, 7 Conn. 324; *Pendleton* v. *Fay*, 2 Paige, 202.)

*R. Eakin*, for Respondent.

On the first point we claim that where the grantor has con-

veyed the land to the purchaser, there being no lien reserved in the deed of conveyance, the grantor's lien does not exist. (Hill's Code, § 3005; *Edminster* v. *Higgins*, 6 Neb. 265; *Rhea* v. *Reynolds*, 12 Neb. 128; *Ansley* v. *Pasahro*, 22 Neb. 662.)

The distinction is made between a conveyance and case of bond for deed. (*Birdsell* v. *Cropsly*, 29 Neb. 672; *Simpson* v. *Mundee*, 3 Kan. 173.)

A distinction is made between a case of conveyance and case of contract to convey. (*Stevens* v. *Chadwick*, 10 Kan. 406; 15 Am. Rep. 348; *Kanffelt* v. *Bower*, 7 Serg. & R. 64; 10 Am. Dec. 428; *Hiester* v. *Green*, 48 Pa. St. 96; *Semple* v. *Bird*, 7 Serg. & R. 286; *Cameron* v. *Mason*, 7 Ired. Eq. (N. C.) 180; *Philbrook* v. *Delano*, 29 Me. 410; *Ahrend* v. *Odiorne*, 118 Mass. 261; 19 Am. Rep. 449; *Gee* v. *McMillan*, 14 Or. 276; 58 Am. Rep. 315; *Kelly* v. *Ruble*, 11 Or. 75.)

The debt is barred by the statute of limitations; and when the debt is barred the lien is gone. (*Waddington* v. *Acton*, 46 N. J. Eq. 611; *Graves* v. *Coutant*, 31 N. J. Eq. 763; *McCracken Co.* v. *Mercantile Trust Co.* 84 Ky. 344; *Sinker* v. *Seibert*, 18 Kan. 104; 26 Am. Rep. 765; *Blackwell* v. *Barnett*, 52 Tex. 326; *Borst* v. *Corey*, 15 N. Y. 505; *Tate* v. *Hawkins*, 81 Ky. 577; 50 Am. Rep. 181.)

STRAHAN, C. J.—We do not deem it necessary in this case to say anything in relation to the grantor's lien, or whether the defense of the statute of limitation was waived by pleading over. The sole question necessary for us to determine arises upon the separate answer of the defendant Gilham. That answer brings the defendant within the principles of law defining a *bona fide* purchaser for value without notice, heretofore stated and recognized in several cases in this court. (*Wood* v. *Rayburn*, 18 Or. 1; *Weber* v. *Rothchild*, 15 Or. 385; 3 Am. St. Rep. 162; *Hyland* v. *Hyland*, 19 Or. 51.)

The only question under these authorities is one of fact. We have carefully looked into the evidence and think the defendant has fully and satisfactorily sustained his plea. The evidence shows that Berry was in possession of the premises at the time he sold to the defendant under a warranty deed from Stansell; that

he sold the same to Gilham and gave a warranty deed therefor, and that defendant entered into possession thereunder and paid the consideration agreed upon, which was $1,200, and that at no time before or pending any of said negotiations or proceedings did the defendant have any notice of the fact that Berry had not paid the purchase price of said land.

Under these facts we have no hesitancy in saying Gilham is a *bona fide* purchaser, and is entitled to be protected. We have assumed without deciding that the grantor's lien exists in this state, but as to that the members of the court are not agreed; but the decision of the question is not necessary in this case, for the reason that, conceding its existence, the plaintiff could not prevail against Gilham, who holds the legal title freed from such latent equity.

Let the decree appealed from be affirmed.