Argued February 13, affirmed February 19, 1924.

## PETER RABER AND CLARA K. RABER *v.* E. L. CLARK AND M. A. CLARK.

(222 Pac. 1100.)

**Cancellation of Instruments—Complaint in Suit to Cancel Note and Mortgage Held Sufficient.**

1. A complaint alleging that defendant represented himself to be a friend of plaintiffs and offered for no other consideration to negotiate a purchase of realty for them, and in so doing fraudulently represented that an initial payment of $4,250, was necessary; that plaintiffs had but $2,500; that defendant offered to advance the additional $1,750 on a promissory note secured by a second mortgage, which proposition was accepted; and that in fact only an initial payment of $2,500 was necessary and the note for $1,750 was without consideration and praying its cancellation—*held* to sufficiently state facts constituting a cause of suit in equity.

110 Or.—6

Principal and Agent—Gratuitous Agent Bound to Complete Performance—One Gratuitously Acting for Another may not Reap Benefit Through Fraud.

2.   One gratuitously undertaking to negotiate the purchase of property for others is bound to complete performance according to his agreement, regardless of consideration, and may not take advantage of those whom he represents through fraud, regardless of whether or not they are satisfied with the transaction as they understood it.

Husband and Wife—Wife has Implied Knowledge of Husband's Fraud in Procuring Execution of Note to Her.

3.   Where a husband representing others in negotiating for the purchase of land fraudulently procures the execution without consideration of a note and mortgage to his wife, on representations that she is advancing money as part of the initial payment, in a suit to cancel the note and mortgage, the law will imply that the wife knew of the fraudulent purpose of her husband.

Cancellation of Instruments—Mortgages—Burden of Proving Affirmative Defense in Action to Cancel Note and Mortgage Held on Wife Asserting Same.

4.   In a suit against a husband and wife to cancel a note and mortgage, execution of which in favor of his wife was fraudulently procured by defendant husband, the burden of proving good faith as an affirmative defense is upon defendant wife asserting same.

From Deschutes:   T. E. J. Duffy, Judge.

Department 2.

This suit is prosecuted by the plaintiffs, Peter Raber and Clara K. Raber, husband and wife, against E. L. Clark and M. A. Clark, husband and wife. By their complaint the plaintiffs pray for the cancellation of a certain note and mortgage in the sum of $1,750, which they aver the defendants obtained from them without consideration and by means of false and fraudulent pretenses and representations. The defendants filed a demurrer, which was overruled by the court. Defendant E. L. Clark refused to plead further, but his wife, M. A. Clark, filed an answer admitting that the plaintiffs executed and delivered a negotiable promissory note in the sum of $1,750, with interest at the rate of 7 per cent per annum from date, secured by a second mortgage upon certain

lands referred to in the pleadings. She averred that the note and mortgage were made payable to her but that they were delivered to her husband, E. L. Clark, and that they were negotiated and sold to her by her husband, E. L. Clark, in due course, for a valuable consideration, and without knowledge on her part of any equities or defenses that might be interposed against a suit for collection. She denied *in toto* the alleged false representations made by her husband and codefendant.

On trial findings of fact and conclusions of law were made, and the court decreed:

"1. That defendants, and each of them, be, and they are hereby perpetually enjoined from selling, transferring or alienating that certain negotiable promissory note dated October 1, 1918, due October 1, 1921, bearing interest from date at the rate of 7 per cent per annum, signed by the plaintiffs and made payable to the defendant M. A. Clark, for the sum of $1,750, together with the mortgage securing the payment thereof, executed by plaintiffs in favor of said defendant on October 1, 1918, and covering the Southeast Quarter of Section 26 and the Northeast Quarter of Section 35, in Township 21 South of Range 10, E. W. M., being the note and mortgage described in plaintiffs' second amended complaint.

"2. That defendants be, and they are hereby, required to deliver said promissory note and said mortgage to the clerk of this court for cancellation, and, should defendants fail, for a period of thirty days after the entry of this decree, to so deliver up said note and mortgage for cancellation, then this decree shall stand for and constitute a cancellation thereof; and if said mortgage shall have been placed of record since the commencement of this suit, then the clerk of this court shall cause a marginal notation to be made upon the record thereof that said mortgage has been canceled by this decree.

"3. That plaintiffs have judgment against defendants for the sum of $122.50 and for the costs and disbursements of this suit * * ."

Defendants appeal to this court, assigning numerous alleged errors.                    AFFIRMED.

For appellants there was a brief and oral argument by *Mr. W. P. Myers.*

For respondents there was a brief and oral argument by *Mr. Ross Farnham.*

BROWN, J.—This suit is tried *de novo* on appeal, upon the record and transcript of evidence accompanying it: Sections 405, 556, Or. L.

Plaintiffs charge that their certain promissory note and mortgage in the amount of $1,750 was obtained from them by the defendants by means of false pretenses and fraudulent representations.

The evidence shows that about October 1, 1918, the plaintiffs purchased a tract of land in Deschutes County, Oregon, and that in the transaction the defendant E. L. Clark acted as the pretended friend, agent and representative of plaintiffs, thereby handling all details of the matter of the purchase of the land. It further appears that in carrying on the negotiation and purchase, Clark represented that he was doing so without profit and that he was impelled to act in the matter without price by reason only of his great friendship for plaintiffs. The plaintiffs fully believed in Clark's integrity, and, relying upon his representations and having faith in his honesty of purpose, permitted him to perform all the details relating to the transaction involving the purchase of the land.

The testimony further shows that E. L. Clark fraudulently and designedly represented and pretended to the plaintiffs that the purchase price of the real estate was the sum of $9,500; that $4,250 thereof was payable in cash, the balance of the purchase price, amounting to $5,250, to be secured by a first mortgage, payable in five years from the date of the transaction. Plaintiffs were possessed of the sum of $2,500 in cash and were not able to comply with the terms as represented by Clark. They informed him of the insufficiency in the amount of their funds, whereupon he represented to plaintiffs that he would advance them the additional sum of $1,750 needed to make the first payment upon the purchase price and take, as security, their promissory note and second mortgage upon the real estate involved in the transaction. Plaintiffs accepted the offer, paid the sum of $2,500 in cash upon the purchase price of the land and executed to the vendor a note and first mortgage for $5,250 due in five years, and likewise executed a negotiable promissory note and a second mortgage for the sum of $1,750, due October 1, 1921, bearing interest at the rate of 7 per cent per annum, and payable to defendant M. A. Clark, the defendant E. L. Clark representing that his wife was furnishing the money to make the payment of $1,750 above referred to.

This is the note and mortgage involved in this suit.

The testimony further shows that at the time of the purchase of the real estate and the execution of the note and mortgage for $1,750, the plaintiffs had implicit confidence in the representations made by E. L. Clark that the purchase price of the land was $9,500, and that a cash payment of $4,250 was re-

quired, and was paid, and that E. L. Clark and wife were furnishing $1,750 of that amount.

About two years after the execution of the note and mortgage to defendant M. A. Clark, plaintiffs learned that they had been deceived and defrauded by E. L. Clark in relation to the purchase price of the land, in this: That the true amount of the cash payment was but $2,500; that the first mortgage of $5,250 which plaintiffs executed and delivered to the vendor at the time of the purchase of the real property constituted the entire balance remaining due and unpaid as the purchase price thereof, and that neither the sum of $1,750, nor any other sum, was advanced by the defendants, or either of them.

It appears from the evidence that E. L. Clark knew, and his wife, M. A. Clark, from all the circumstances, also knew, at the time of the execution and delivery of the note and mortgage to them by the plaintiffs, that there was no consideration therefor, but that the making of the note and mortgage and the delivery thereof was procured without any consideration whatever and through the fraudulent and designedly false representations of the defendant E. L. Clark.

1. Plaintiffs' amended complaint states facts sufficient to constitute a cause of suit in equity: *Benson v. Keller,* 37 Or. 120 (60 Pac. 918).

2. Where one gratuitously undertakes to act for another and performs, he is bound to complete the performance according to his agreement, regardless of consideration: 31 Cyc. 1216B. Clark was the agent of the plaintiffs and will not be permitted to take advantage of them through fraud, without regard as to whether or not they were satisfied with the transaction, as they understood it, at the time: *Jones v. Shefler,* 77 Or. 284 (151 Pac. 463).

3. Under the facts in this case, the law will imply that M. A. Clark knew of the fraudulent purpose of her husband, E. L. Clark: *Robson* v. *Hamilton,* 41 Or. 239 (69 Pac. 651); *Calavan* v. *Bower,* 61 Or. 298 (122 Pac. 300).

4. M. A. Clark, wife of defendant E. L. Clark, set up as an affirmative defense her good faith in the matter of acquiring the note and mortgage. The burden of proof was upon her. She has failed to establish her defense: *Weber* v. *Rothchild,* 15 Or. 385 (15 Pac. 650, 3 Am. St. Rep. 162); *Carroll* v. *Gilham,* 21 Or. 21 (26 Pac. 863).

This case is affirmed.            AFFIRMED.

BEAN, McCOURT and RAND, JJ., concur.